Hemphill, Ch. J.
This cause is brought up by writ of error from the county of San Augustine.
The defendant in error moved to dismiss, on the ground that it did not appear that any proper or legal citation has been issued which can require the State to appear in tiiis court and defend the writ of error herein, and because it does not appear that the State has in any proper way been made a party in error in this court.
The statute regulating the mode of bringing up judgments by writs of error declares that, upon tlie filing of a petition for a writ of error, the clerk of the District Court “shall issue a citation, directed to the sheriff of the county where the opposite party is alleged to reside, together with a copy of tlie petition, commanding him to cite such party to be and appear before tlie Supreme Court at its next term after the citation is issued, and defend said writ, which citation and copy of petition shall be served by tlie sheriff to whom it is directed, and shall he returned to the court from which it issued ; and all such citations shall he returnable in thirty days after tlie issuing thereof; and if tlie party is a non-resident of tlie State or cannot be found, tlie citation may be served on tlie attorney of record.”
From the phraseology of this provision it is manifest that the suing out of a writ of error against "the State was not particularly in the contemplation of the Legislature, otherwise direction would have been given for service on the proper officer. There are only throe predicaments of fact in which the mode of service of citation is specially declared : if the defendant in error is alleged to reside in a particular countj’ tlie citation must he addressed to tlie sheriff of said county, to he served on the party if found; if not found, then upon his attorney of record; or if tlie party be non-resident, then the service is also upon the attorney of record.
ft cannot he said of the State that she resides in a particular county, or that siie is a non-resident, or cannot be found ; and the directions of the statute as to tlie service of citation in one or other snob state of facts are therefore not expressly applicable when the State is made defendant in error. But the statute declares also that writs of error shall be granted'on any final judgment, order, or decree rendered in tlie District Court, upon the petition of any party interested. This embraces all judgments in civil suits, irrespective of tlie parties thereto, and consequently judgments to which tlie State is a party are included. Writs of error having been thus allowed bylaw, if no statutory mode, had been provided for bringing them up it would have been the, dnljr of the, court to have framed rules for that purpose, and the statutory directions must he followed, so far as they can be made applicable to cases not expressly provided for.
Now, although it cannot be declared of the State that she isa nonresident or cannot be found, yet there is as much or more reason for service on her recognized officers as there is for service on the attorneys of parties who are absent or are not found.
*116 The State is always represented and acts alone through the agency of her officers. But the attorneys of record may, long antecedent to the grant of the writ pf error, have ceased to act for the parties'they one. : represented. Wher > the defendant in error is a non-re.side,nt it would lie useb'ss to direct th“ sheriff to serve tile citation ou the defendant himself. The law authorizes service upon the attorney of record, and a directio 1 to that effect would be in conformity with the terms oE the law. The fact of the non-residence of tlie defendant should be stated in tlie citation. And it would be equally superfluous to direct service of citation upon tlie Stal e where she R defendant in error. She can be cited only through her officers. This is a fact within tlie cognizance of all, and need not be stated in tlie citation, as that of the defendant's non-residence should be; and the process, without reciting such fact, may require service to be made on her lawful and proper officer. Had the sheriff in all cases been commanded to summon tlie party, a citation bringing in tlie State should liave pursued tlie same form. But as tlie citation may run in a certain specified ease, viz, that of non-residency against the attorneys of record of tiio parties, we see no reason why tlie summons should not be so framed as to require service upon tlie attorney representing the State. Tlie citation might be .so framed as to direct tlie sheriff to cite tlie State, but this would give him no information as to tlie discharge of his duty. But the process, if so framed, must in continuation state.the special officer upon whom service is to he made.
There seems no ground why tlie process should be thus incumbered. If citation must be served on a special officer of the State, there is no more reason why it should contain any direction other than for a service on that officer than there is that a citation where the defendant is nou-residont should embrace more Chau tlie direction that service should be made ou the attorney of record. *
The case cited from Gtli Peters is not applicable. In writs of error to the Supreme Court of tlie United States the citation is by law required to be addressed to tlie party. By tlie provisions of our statute the citation is not addressed to the party but to the sheriff, requiring him in some cases to summon tlie party ami in others tlie attorney of record. We are of opinion that tlie district attorney is the proper officer to receive service of citation, but the validity of tlie service would not be affected if it were made on the attorney general. The motion to dismiss on the grounds therein stated cannot be sustained.
But an additional ground to tlie motion has by leave of the court been filed, to the effect that tlie transcript was not liled within the time prescribed by law, ami this we now proceed to consider. Tlie general rule is that the transcript must be Hied by the appellant or plaintiff in error on the first day of the term succeeding tlie time when tlie appeal was perfected or the citation on the writ of error was served, or ou or before the first day designated for the trial of causes from tlie district in which tlie appeal or writ of error was taken, provided such appeal was perfected forty days before the.first day of tlie term or the first day of tlie district, as above specified; and if forty days liad not elapsed before either of these periods, then the appellant or plaintiff in error is not required to lile such transcript on or before the first day of tlie term or of the district, but lie must, notwithstanding, file it within forty days after the appeal is perfected or the citation on writ of error was served. Forty days, then, constitute the general limit within which a transcript must be filed. If these expire in vacation it will be sufficient’ that the transcript be filed on the first day of tlie next succeeding term or tlie first day for the call of the district in which the cause is to be tried. If tlie transcript be not filed as prescribed, and no good cause be shown for tile fail are, the appellee or defendant in error may, ou certificate, have judgment affirmed without reference to the merits.
There is an exception in the statute to the .general rule, to tlie effect that unless the appeal be perfected or citation served forty days before tlie first day of February succeeding' the taking of the appeal or writ of error, then the transcript need not be Sled until the next term of the court.
Note 03. — Wilson v. Trueheart, 13 T., 2S7; Chambers v. Shaw, 1C T., 143; White v. Proctor, 17 T„ 4UC; Black v. Epperson, 40 X.. 102.
This exception, since the division of the court, is inapplicable. It had reference to a condition of tiling’s no longer existing. Antecedent to ihe separation of the court into three brandies tlie canses on the docket were mostly heard before tlie first day of February in tlie .term, and it ivas deemed expedient, that causes on which appellant’s process had been sued out less than forty days previously slionld not be tiled before the succeeding term of tlie court. But the term at Tyler does not, under the new organization, commence, until more than two months posterior to tlie first of February, and the provision consequently can now have no application. In this case the service, of citation was on the 19th March. Tlie process required the sheriff to summon the attorney of the defendant in error to appear at the Supreme Court to be, liolden at Tyler on tlie first Monday in April, ISol. Tlie writ was returnable to and slionld liave been docketed at tlie last term, within forty days after tlie service of citation; and this not being done tlie writ must lie dismissed.
The clerk of Che District Court certifies that tlie citation was not returned to his office until after the commencement of the term of tlie Supreme Court at Tyler in 1S.ÍÍ1. The citation was issued on the 27th February, was served on the 19tli March, and was by law returnable on the 29th March, nine (lays lie-fore the commencement of the said term of the Supreme Court. But the certificate can in no aspect benefit tlie plaintiff in error. The term of tlie Supremo Court continued through tlie months of April and May, and there was ample time for the making out and filing of the transcript at the last term. It is the duty of the'plaintiff in error to cause liis transcript to be filed within forty days after tlie service of citation. There may be cases in which not; more than ten days may elapse between tlie legal return of tlie citation and the expiration of tlie. forty days within which the transcript must be with tlie clerk of the Supreme Court. If this would not be sufficient in a particular case the court would permit the transcript to be received after tlie lapse of tlie time limited. On good and sufficient cause shown in any case why tlie transcript was not filed in the terms of the law, the court may permit the transcript tobe filed by the appellant or plaintiff in error. But in this case tlie cause shown is deemed wholly insufficient. Tlie record might possibly have been received at the last term after tlie expiration of tlie forty days, but it is now inadmissible.
Before closing this opinion I will remark that the citation should always be issued tlu> same day, or at tlie earliest practicable period after tlie filing of a petition for a writ of error. Tlie statute requires it to be issued on the filing of the petition. In this ease seventeen days elapsed before the, issue of tiie citation. and longer periods have intervened in other causes from other districts. SncIi delays are not to be countenanced. They operate to the advantage of the plaintiff in error, as lie may by such want of promptitude obtain a year’s procrastination, to which lie would not otherwise be entitled.
Again, tliis citation was served on tlie 19tli March, by tlie sheriff of jSTaeog-doehes county, but not returned to tlie clerk of San Augustine county before tlie. commencement of the term of tlie Supreme Court, viz, on the 7th April. Tlie statute requires the return of tlie, citation within thirty days after its issue. It should he, issued by tlie.'clerk, lodged with the sheriff, served by him, and returned promptly, otherwise tlie course of justice is obstructed, parties are injured, and officers and their sureties may be greatly damnified. There, is not more negligence, in this nor so much as in many other cases, and these observations are designed to have not only a special but a general application.
Tlie writ is ordered to be dismissed.
Motion sustained.