### GLENS FALLS INDEMNITY CO. et al. v. STERLING et al.

### No. 13973.

Court of Civil Appeals of Texas. Dallas.
July 9, 1948.

Rehearing Denied Oct. 1, 1948.

Curtis White and Wm. H. Neary, both of Dallas, for appellants.

Butler, Binion, Rice & Cook and Fulbright, Crooker, Freeman & Bates and Newton Gresham, all of Houston, for appellees.

860

YOUNG, Justice.

This is an appeal from an order sustaining pleas of privilege of the following defendants to be sued in the County of Harris, where they severally reside: Leo E. Linbeck and Thad Dederick, individually and as copartners, d/b/a Linbeck & Dederick Construction Company; Ross Sterling, James Anderson, T. H. Monroe, Ray L. Dudley, Charles G. Hooks, Earl C. Hankamer, J. S. Leach and Nat U. Collier, as trustees of the Herman Hospital Estate. The venue issue was tried to the court and at conclusion of testimony the pleas of defendants, both as to the suit of plaintiff Glens Falls Indemnity Company and cross action of Southwest "D.C." System (resident defendant), were sustained, to which the parties last named excepted and have duly appealed.

First, a summary of the petition of Glens Falls Indemnity Company, plaintiff, is in order: Herman Hospital Estate, acting through Ross Sterling and above named individuals, hereinafter called trustees, had contracted for the erection of an office building in Houston on a cost plus basis; choosing as builder the firm of Linbeck & Dederick, herein called general contractors. Part of the work was sublet by Linbeck & Dederick to Southwest "D.C." System, herein referred to as subcontractor. Plaintiff, herein called surety company, became surety on the subcontractor's bond and required certain officers of Southwest "D.C." System (subcontractor), to wit: Messrs. Foster, Robb, Thomas and Foard, herein called indemnitors, to indemnify it against loss by reason of the execution of said bond. During progress of construction, a controversy arose between general and subcontractors; and the former, charging to the latter certain failures of performance, proceeded to take over and complete the subcontractor's work. Plaintiff sets forth correspondence descriptive of the controversy; alleging particulars under which the general contractors were wholly at fault and its principal blameless; that said trustees and their agent (Linbeck & Dederick) had elected to use a more expensive method of completing the subcontract, whereby its cost would be $122,000 instead of the original contract price of $69,250 for which

Southwest "D.C." System had undertaken the job; the general contractors having already notified surety and subcontractor that they would be held responsible for any excess of cost.

Plaintiff alleges that on account of aforesaid notice of liability it is required to keep a reserve of $69,250 posted on this claim; constituting a present and continuing detriment which it is entitled to have now removed by Declaratory Judgment; showing that the stock of material placed on the job site by Southwest "D.C." System was further security to plaintiff in case of its principal's default; use or disposition of which material by the general contractor would greatly impair the ability of subcontractor to save this plaintiff harmless in event it be determined at some later date that such surety was liable on its bond; lapse of time being otherwise prejudicial to plaintiff on account of changes in financial condition of its indemnitors, etc.; praying in effect that upon a trial, appellee trustees and general contractors be declared wholly liable for the subcontractor's failure of performance and that it be relieved of any liability by reason of aforesaid surety bond. In the alternative, the surety company prays that if, upon hearing, the acts of trustees and general contractors were found insufficient to constitute such a breach of contract as would relieve plaintiff from all obligations under its bond, that such fact be declared and determined; "and that Southwest 'D.C.' System, as principal, and said indemnitors are obligated to save this plaintiff harmless from any damages which Leo E. Linbeck and Thad Dederick, individually and as copartners d/b/a Linbeck & Dederick Construction Company, and said trustees may ultimately be entitled to receive on account of the failure of Southwest 'D.C.' System to perform said contract."

The sworn pleas of privilege of trustees and general contractors were in statutory form; pleading further that the subcontractor and indemnitors had been named defendants improperly and for the purpose of attempting to fix venue of the cause in Dallas County; that the interests of the surety and subcontractor were identical, and that if made party at all, the subcontractor should be made a party-plaintiff; that the

indemnitors were neither proper nor necessary parties, but if either, then their interests were identical with those of subcontractor and plaintiff and that they should have been named as plaintiffs. Further in such pleas of privilege, trustees and general contractors assert that the subcontractor and indemnitors should be realigned, named and considered as party-plaintiffs and upon such realignment it would be found that all parties to the suit who were truly and properly defendants are residents of Harris County. Pleas of privilege were also filed by trustees and general contractors to the answer and cross action of Southwest "D.C." System.

Plaintiff surety company is a foreign corporation with a permit to do business in Texas, and principal office in Dallas; subcontractor "D.C." System being a Texas corporation also with office and principal place of business at Dallas, Texas. Claim of venue by surety company and subcontractor in their controverting affidavits was pursuant to exceptions 4, 23 and 29a, Art. 1995, Vernon's Annotated Civil Statutes.

■ Subdv. 4 of the statute provides in part: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides"; and to sustain venue thereunder, the plaintiff has a threefold burden: (1) He must prove that one of the defendants is a resident of the county of suit; (2) plead and prove (by a preponderance of the evidence) a cause of action against the resident defendant; (3) allege a joint cause of action against the resident and nonresident defendants or a cause of action against the resident defendant so intimately connected with his cause of action against the nonresident defendant as that they are properly joinable; proof of which is supplied by the allegations of his petition. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Plaintiff's aforesaid pleading simply boils down to the primary issue of default or breach of performance, whether chargeable to the Houston parties or Dallas subcontractor; as to which the surety's plea for relief against resident defendants is seen to be only ancillary and involving no real controversy. Such "alternative" prayer is merely concerned with the surety's rights over against indemnitors and subcontractor in event of the latter's liability. On the facts, indemnitors Cole Foster and Gray Thomas (principal stockholder and Vice President, respectively, of Southwest "D. C.") both testified to no controversy between subcontractor and surety; the former stating that in event of ultimate liability against Southwest "D.C.," appellant surety would be entitled to reimbursement from subcontractor and the individuals executing the contract of indemnity; also that subcontractor, surety, and himself as indemnitor, were all contending that the contract had not been breached by Southwest "D.C." and that they were pulling together in making such claim; Mr. Thomas adding that, as indemnitor, he had been asked to put up collateral to appellant surety, which he had not done. There being no real controversy between plaintiff and resident defendants or, at least, no cause of action having any relation to that asserted against the Harris County defendants, it follows that plaintiff has failed to establish all necessary venue facts under the requirements of exception 4. Stockyards National Bank v. Maples, supra.

■ It is clear from the pleading of plaintiff (and from the cross action of Southwest "D.C." System as well) that the single issue of controlling importance herein is one between plaintiff and Harris County defendants, and that the interests of plaintiff and Dallas County defendants are mutual. Obviously this is true because all Dallas parties (subcontractor, its surety and indemnitors) are liable if there be a default on part of subcontractor in performance of the Houston job, and none are liable if the fault is with the Harris County defendants. Our courts have uniformly held in analogous cases that parties who are actually plaintiffs in fact cannot be made defendants to an action for the evident purpose of fixing venue. "In authorizing a suit in the county of the residence of one of the defendants, the statute 'contemplates a real defendant, and one against whom the plaintiff has a cause of action.' It is the actual position of the parties that determines their status; an artificial designation of a party

862

plaintiff as a party defendant gives no right to fix the venue in the county of his residence as against defendants residing in another county. Nor is a person who has refused to join as a party plaintiff a 'defendant' in the sense in which that term is used in the venue statutes." 43 Tex.Jur., sec. 35, p. 751. Nor can the subcontractor take advantage of plaintiff's action, so improperly laid, as a means of obtaining venue in Dallas County for its damage suit against appellees.

 Manifestly subdv. 23 has no application to the instant situation; and if exception 4 be an insufficient basis for appellants' claim of venue, the same is likewise true as regards subdv. 29a. .

■ Surety's plea for relief invokes provisions of the Declaratory Judgments Act, art. 2524—1, Vernon's Annotated Civil Statutes, and its right thereto cannot be denied. However, actions for Declaratory Judgments are also governed by the established rules relating to the venue of civil actions generally. Arterbury v. U. S. National Bank, Tex.Civ.App., 194 S.W.2d 803.

The trial court's order sustaining all venue pleas must be affirmed.