**COOKE COUNTY ELECTRIC COOPERATIVE ASS'N v. BRAZOS RIVER TRANSMISSION ELECTRIC COOPERATIVE, Inc., et al. (two cases).**

Nos. 15112, 15132.

Court of Civil Appeals of Texas. Fort Worth.

April 28, 1950.

Cecil Murphy, Gainesville, and Cofer & Cofer, Austin, for appellant.

Carlton J. Smith, Waco, and Paul T. McMahon, Dallas, for appellee Brazos River Transmission Electric Cooperative, Inc.

Jennings C. Brown, Decatur, for appellee Wise Electric Cooperative, Inc.

James R. Wiley, Denton, for appellee Denton County Electric Cooperative, Inc.

J. V. Morris, Bartlett, for appellee Bartlett Electric Cooperative, Inc.

Wheat & Newton, Seymour, for appellee Baylor-Knox Electric Cooperative, Inc.

Frederick G. Harmon, DeLeon, for appellee Comanche County Electric Cooperative Ass'n.

Joseph A. Chandler, Stephenville, for appellee Erath County Electric Cooperative Ass'n.

E. G. Thornton, Olney, for appellee Fort Belknap Electric Cooperative, Inc.

William C. Morrow, Hillsboro, for appellee Hill County Electric Cooperative, Inc.

Donley Suddath, Henrietta, for appellee J.A.C. Electric Cooperative Ass'n.

Walker & Baker, Cleburne, for appellee Johnson County Electric Cooperative Ass'n.

Joseph Fultz, Navasota, for appellee Mid-South Electric Cooperative Ass'n.

Tyson, Dawson & Dawson, Corsicana, for appellee Navarro County Electric Cooperative, Inc.

Ben L. Parten, Franklin, for appellee Robertson County Electric Cooperative, Inc.

Fulgham & Borden, Weatherford, for appellee Tri-County Electric Cooperative, Inc.

Claude Segrest, Waco, for appellees Belfalls Electric Cooperative, Inc., Limestone County Electric Cooperative. Inc., and McLennan County Electric Cooperative, Inc.

HALL, Justice.

The subject matter in this opinion relates to two appeals. Appeal No. 15112 is from an order sustaining the plea of privilege of appellee (defendant) Brazos River Transmission Electric Cooperative, Inc., of McLennan County; and appeal No. 15132 is based upon the final judgment of the court sustaining pleas in abatement of the defendant Denton County Electric Cooperative, Inc., of Denton County, and many other defendants situated in other counties, and dismissing the case as to them with prejudice. The trial court after sustaining appellee Brazos River's plea of privilege,

and on the same day, severed the cause as to said appellee Brazos River. By agreement of the parties the appeals are taken on the same transcript of the record and the same statement of facts and briefed accordingly.

Appellant Cooke County Electric Cooperative Association, hereafter styled Cooke County Electric, sued appellee Brazos River Transmission Electric Cooperative, Inc., herein referred to as Brazos River, in the district court of Denton County, Texas, and the Denton County Electric Cooperative, Inc., hereafter termed Denton County R. E. A., along with sixteen other similar corporations, organized under provisions of Article 1528b, Vern.Anno.Civ.St. Brazos River filed a plea of privilege, and the trial court after a hearing on the controverting plea sustained the plea of privilege.

Appellant Cooke County Electric presents the following points in behalf of its contention for reversal:

1. "To the effect that the Denton County 'R. E. A. defendant' was a party to the contract involved in this case, and that in this suit for a declaration as to the validity of, and in the alternative to construe, said contract, plaintiff pled and proved a bona fide cause of action against said defendant residing in Denton County, Texas."

2. "To the effect that the trial court erred in sustaining the plea of privilege of the 'Brazos.'"

3. "To the effect that plaintiff was entitled to have a declaration as to the validity of the contract involved in this suit, and construed, as to the 'R. E. A. defendants,' and the court erred in dismissing the cause as to said defendants."

Nature of appellant's suit against the many defendants was in the form of an application for declaratory judgment, seeking from the trial court a declaration as to the validity of a certain wholesale electric power contract, which it signed with defendant Brazos River, as to whether said contract is subject to cancellation or in the alternative to ascertain appellant's rights thereunder. Appellant alleged the Denton County R. E.

A. and the many other defendants, by their acts in executing similar contracts with Brazos River, were parties to the contract between it and appellee Brazos River and therefore were made defendants in order to bind them by judgment of the trial court.

Appellant contends in order to hold venue in Denton County that even though Denton County R. E. A. did not actually sign the contract along with it and defendant Brazos River, yet said Denton County R. E. A. defendant did sign a contract similar to the one which appellant asks the court to cancel or construe. It further argues that if its contract is canceled with appellee Brazos River, such action would therefore affect the rights or liability of Denton County R. E. A. defendant, as well as the many other defendants who did sign similar contracts. Appellant points out such portion of the contract which it contends binds all of the other defendants signing similar contracts with Brazos River; its interpretation of same is in substance that if the contract between it and appellant is construed to be invalid, then the other defendants signing similar contracts will have to purchase the electric energy which it had contracted to purchase.

Appellant relies upon exception 4 of Article 1995, R. C. S., to support venue in Denton County, to-wit: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." In order to determine whether a case comes within said exception under the holding in the case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, we look to the record to see if appellant not only alleged but proved a cause of action against the resident defendant or alleged and proved a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. See also Park v. Wood, 146 Tex. 62, 203 S.W.2d 204. Neither appellant's pleadings nor its testimony reveal a cause of action against appellee Denton County R. E. A.

Appellant argues in his brief the following, which we find covers its contended cause of action alleged and proved against appellee Denton County R. E. A.:

"Plaintiff's suit in our case is for a declaratory judgment to establish its right as to the Denton County 'R. E. A. Defendant' to cancel its contract with the 'Brazos' and to cease to be a member of the 'Brazos' Cooperative. The declaratory judgment statute is not a venue statute, but venue depends upon whether plaintiff had a controversy with the Denton County 'R. E. A. Defendant:' See: Glens Falls Indemnity Co. v. Sterling, Tex.Civ.App., 213 S.W.2d 858; and Shaver v. Hughes, Tex.Civ.App., Fort Worth, 214 S.W.2d 176.

"The question then is whether the Denton County 'R. E. A. Defendant' was a party to the Power Contract involved in this case and by which plaintiff became a member of the 'Brazos' and agreed along with the Denton County 'R. E. A. Defendant' and other 'R. E. A. Defendants' to become members of the 'Brazos' and to be bound by the identical and reciprocal obligations of the 'Members' of the 'Brazos' contained in the Power Contract."

Such facts as stated supra are not sufficient bases to allege or prove a cause of action against defendant Denton County R. E. A. Neither appellant's prayer nor its testimony indicates that any character of judgment should be recovered by it against appellee Denton County R. E. A., and other similar R. E. A. defendants. In fact if the contract sought to be voided by appellant is construed to be invalid as it alleges, then the contract between appellee Brazos River and Denton County R. E. A. would still be identical with the one between appellant Cooke County Electric and appellee Brazos River; such state of facts would not establish a cause of action against Denton County R. E. A. and other R. E. A. defendants.

Judgment of the trial court sustaining plea of privilege of appellee Brazos River and sustaining all other defendants' pleas in abatement and dismissing them from the case with prejudice is affirmed.