**CITY OF GILMER, Appellant,**

v.

**STATE of Texas ex rel. SOUTHWESTERN GAS AND ELECTRIC COMPANY et al.,**
**Appellees.**

No. 10320.

Court of Civil Appeals of Texas.

Austin.

June 1, 1955.

Dan Moody, Austin, Powell, Wirtz, Rauhut & McGinnis, Wm. A. Brown, Austin, Fulton, Hancock & McClain, Gilmer, for appellant.

John Ben Shepperd, Atty. Gen., William W. Guild, Asst. Atty. Gen., for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellant's plea of privilege.

The State of Texas, acting by the Attorney General, and on the relation of Southwestern Gas and Electric Company and W. H. Webb, filed this suit in Travis County, in the nature of a quo warranto proceeding against Upshur Rural Electric Cooperative Corporation and the City of Gilmer.

The parties will be designated and herein referred to as they are in the briefs: the State of Texas as the State; Southwestern Gas and Electric Company as Southwestern; Upshur Rural Electric Cooperative Corporation as Upshur, and the City of Gilmer as the City.

Upshur was organized under the Electric Cooperative Corporation Act, Art. 1528b, Vernon's Ann.Civ.St., and has its principal place of business in Upshur County. The City is a municipal corporation with a population in excess of 1500. Upshur had been furnishing electric energy to approximately 25 customers located in an area outside of the corporate boundaries of the City. This area has been annexed to the City, Upshur continues to serve the said customers and is the holder of a franchise granted by ordinance of the City authorizing it to furnish electric energy "in those areas now located within the corporate limits of the said City of Gilmer, which have been recently annexed and in which areas, Grantee, at the time of the annexation, was serving the inhabitants, or some of the inhabitants with electric energy, and in all those areas that may be annexed and included within the corporate limits of the City of Gilmer, Upshur County, Texas, in the future in which Grantee at the time of the annexation, shall be furnishing electric energy to the inhabitants or some of the inhabitants of such area."

Southwestern also is the holder of a franchise granted it by an ordinance of the City, authorizing it to furnish electric energy, "in, through and beyond" the City.

The State's petition alleged that the inhabitants of the City are receiving "central station service" as that term is used in Art. 1528b supra; that a bona fide controversy exists between the State and Upshur as to: Upshur's right to furnish electric energy to customers within the corporate limits of the City; the validity of the franchise granted Upshur by the City, and that such controversy

"should be resolved by entry of a judgment declaring the said acts of the defendant, Upshur Rural Electric Cooperative Corporation, ultra vires, declaring that the purported franchise is null and void, and enjoining the defendant, Upshur Rural Electric Cooperative Corporation, from selling electric energy within the limits of the City of Gilmer."

The State prayed that upon hearing it be adjudged and decreed that: (1) Art. 1528b supra does not authorize Upshur to furnish electric energy to any person living within the boundaries of any incorporated or unincorporated "city, town, village, or borough" having a population in excess of 1500 inhabitants, that it is unlawful for Upshur to do so and that doing so constitutes an ultra vires act by Upshur; (2) said article does not authorize Upshur to continue to furnish electric energy to persons receiving such service while inhabitants of a rural area but who become inhabitants of an incorporated city having a population in excess of 1500 inhabitants. by reason of such rural area being annexed to the city, that the furnishing of electric energy to such persons by Upshur is unlawful and an ultra vires act on its part; (3) said article does not authorize Upshur to furnish electric energy to any person formerly living within a rural area which area has been annexed by an incorporated city having a population in excess of 1500 inhabitants when such person had not been furnished electric energy by Upshur prior to such annexation, that furnishing such service is unlawful and an ultra vires act, and (4) it is contrary to Art. 1528b supra for Upshur to exercise any right or privi-

lege granted to it by the franchise of the City and that such franchise is null and void.

The State further prayed that Upshur be enjoined from doing any of the acts named in (1), (2), (3) and (4) supra and for general and special relief.

The City filed its plea of privilege to be sued in Upshur County. The plea was controverted by the State and at the hearing the same was overruled.

It was stipulated at the trial that: the City is incorporated and has a population in excess of 1500 inhabitants; that Upshur is serving approximately 25 of its members residing within the City and within the area covered by the franchise granted by the City to Upshur; that Upshur intends to continue to serve said customers and any other members that thereafter are accepted by Upshur, not receiving central station service, within the area covered by said franchise; that the City had granted to Upshur the franchise supra, and that the area annexed to the City at the time of the annexation contained less than 1500 inhabitants and is the area covered by the franchise supra.

The City agrees that the suit as to Upshur can be properly maintained in Travis County.

Exception 21 of Art. 1995, Vernon's Ann.Civ.St., in part provides:

"21. Corporations: charters.—Suits brought by the State * * * for the purpose of restraining corporations from exercising powers not conferred upon them by the laws of this State, and for the purpose of preventing persons from engaging in business in this State contrary to the laws thereof, may be brought in Travis County."

It is argued by the State that the furnishing of electric energy to approximately 25 of the inhabitants of the City by Upshur is unlawful, and also that the franchise granted to Upshur by the City is null and void because of the provisions of Art.

1528b supra. We quote portions of that article:

"Sec. 2. In this Act, unless the context otherwise requires:

* * * * * *

"(3) 'Member' means the incorporators of a corporation and each person thereafter lawfully admitted to membership therein;

* * * * * *

"(8) 'Rural area' means any area not included within the boundaries of any incorporated or unincorporated city, town, village, or borough, having a population in excess of fifteen hundred (1,500) inhabitants, and includes both the farm and non-farm population thereof.

"Sec. 3. Cooperative, non-profit, membership corporations may be organized under this Act for the purpose of engaging in rural electrification by any one or more of the following methods:

"(1) The furnishing of electric energy to persons in rural areas who are not receiving central station service;

* * * * * *

"Sec. 12. All persons in rural areas proposed to be served by a corporation, who are not receiving central station service, shall be eligible to membership in a corporation. No person other than the incorporators shall be, become, or remain a member of a corporation unless such person shall use or agree to use electric energy or, as the case may be, the facilities, supplies, equipment, and services furnished by a corporation. A corporation organized under this Act may become a member of another such corporation and may avail itself fully of the facilities and services thereof."

The State's petition alleges:

"The City of Gilmer is made a party to this suit solely because it is a necessary party to any suit involving

the validity of any franchise granted by it."

The Uniform Declaratory Judgments Act, Art. 2524–1, Vernon's Ann.Civ.St., in part provides:

"Sec. 2. Any person * * * whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

\* \* \* \* \* \*

"Sec. 11. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, * * *."

 The Declaratory Judgments Act does not purport to fix venue of suits brought under it and it does not extend or limit the exceptions specified in the general venue statute. Art. 1995, supra; Glens Falls Indemnity Co. v. Sterling, Tex.Civ.App., 213 S.W.2d 858, mand. overr. However the statute without reference to venue does purport to designate necessary parties to suits involving the validity of a municipal ordinance or franchise, the validity of which may be tested by a declaratory judgment and injunction proceeding. Pierce v. City of Stephenville, Tex.Civ.App., 206 S.W.2d 848. This remedy being additional and not supplanting any existing remedy. Crow v. City of Corpus Christi, 146 Tex. 558, 209 S.W.2d 922.

The suit as to Upshur can be lawfully maintained in Travis County under exception 21, supra. As to this cause of action, which is the only one asserted against the City, there is no exception to the general rule of venue which authorizes it to be maintained in Travis County.

The question arises then as to whether or not the joinder of such cause of action with another cause of action (suit for injunction) properly maintainable in Travis County as to Upshur under Sec. 21, and to which the City is not a necessary party can be used as a prop for holding the City in Travis County as to the first cause of action.

The answer to this question is "No." Full relief can be awarded in each of the causes alleged by the State without prejudice to the other for which reason the City is not a necessary party to the State's suit for injunction against Upshur. Harris v. Foster, Tex.Civ.App., 261 S.W.2d 860.

To hold otherwise would be wrong in principle and would be contrary to the decisons.

In Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ.App., Eastland, 179 S.W.2d 371, 375, the Court stated the law as we understand it to be:

"* * * the right of a plaintiff to join parties and/or causes of action in one suit was not, in itself alone, conclusive against the right of a defendant to be sued in the county of his residence. The authority for this statement is the two cases of Cobb v. Barber, 92 Tex. 309, 47 S.W. 963, and Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5, decided just one week apart. Under Cobb v. Barber, supra, all proper parties to all properly joined causes of action could be made defendants in one suit and the venue thereof sustained in the county where any defendant resided. Under Behrens Drug Co. v. Hamilton, supra, even though all parties to a suit were proper parties and all causes of action therein were properly joined, the venue of such suit could not, as against a defendant claiming his privilege, be sustained in a county where none of the

defendants resided, unless as to such defendant (without reference to any other defendant) some exception to the general rule of venue was applicable. Such is the law today, without reference to any changes in rules respecting the joinder of parties or causes of action, except as such law has been modified by the subsequently enacted Exception 29a."

Application of these rules was made in an earlier case, Boyd v. San Antonio National Bank, Tex.Civ.App., 171 S.W.2d 375, 376, by the San Antonio Court.

In that case the bank brought suit against Herbert S. Jack, a nonresident of Bexar County, in the District Court in said Bexar County, on two promissory notes, executed by Jack and payable in Bexar County, and also on a promissory note executed by Boyd, a resident of Dallas County, and payable to Jack in Dallas County. The latter note was endorsed by Jack to the bank. In reversing the judgment of the trial court overruling Boyd's plea of privilege to be sued in Dallas County, and rendering judgment sustaining such plea, Justice Norvell said:

"Since exception 29a, if operative at all, must be ancillary to some other exception to Article 1995, Tarrant v. Walker, [140 Tex. 249], 166 S.W.2d 900, the question presented is whether or not the cause of action against Jack, based upon his endorsement of Boyd's note is maintainable in Bexar County under the claimed exception—No. 5. Obviously it is not. The place of performance is designated as Dallas County and not Bexar County.

"It seems to be well settled that if a plaintiff has a cause of action against a defendant properly maintainable in a certain county by reason of some exception contained in Article 1995, he may maintain a second cause of action against said defendant in the same suit in the county selected, although the second cause of action if asserted in a separate suit could not be so maintained under the venue statutes. This is true not by reason of the wording of any particular exception to Article 1995, but solely because of the rule of public policy designed to avoid a multiplicity of suits. * *

"However, a cause of action which may be maintained in a certain county solely because it is joined with a cause of action based upon a written instrument designating a particular county or a place of performance, can not be considered as a cause of action lawfully maintainable in a county in which the defendant does not reside under the provisions of exception 5 of Article 1995. To so hold and thus give effect to appellee's contention here would contravene the declared public policy of the venue statutes.

"'The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions.' A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621."

It is of no importance, of course, that exception 5 was there involved and exception 21 is here involved.

We consider these sound authorities as requiring that the judgment of the trial court be reversed and this cause remanded with instructions to sustain the City's plea of privilege and to transfer the cause of action as to it to Upshur County.

Reversed and remanded with instructions.