C. I. FITTS, Appellant,

v.

Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, et al., Appellees.

No. 16506.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1963.

Rehearing Denied Jan. 17, 1964.

Maurice Amidei, Fort Worth, for appellant.

Waggoner Carr, Atty. Gen., of Texas; H. Grady Chandler and W. E. Allen, Asst. Attys. Gen., Austin, for appellees, Robert S. Calvert, Comptroller, N. A. Ferguson and Gerald A. Rickett.

Cantey, Hanger, Gooch, Cravens & Scarborough, and William B. David, Fort Worth, for appellee, Loy R. Wattenbarger.

MASSEY, Chief Justice.

This is a plea of privilege case. C. I. Fitts is the plaintiff in a suit for declaratory judgment filed in Tarrant County. Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, was made a party defendant to said suit, along with two of said Comptroller's agents, Rickett and Ferguson. Also joined by Fitts as party defendant to his suit was Loy R. Wattenbarger, d/b/a M & W Oil Company, a resident of Tarrant County. A plea of privilege was filed in behalf of the Comptroller and his two agents, in which it was pointed out that the suit was, in fact, against said defendants in their official capacities rather than in any individual capacity and hence amounted to a suit against the State of Texas for which no authorization had been made by the Legislature. The prayer of the plea of privilege was for a transfer of the case to Travis County, Texas.

Fitts filed his controverting affidavit and a hearing was held. Trial was before the

court without intervention of a jury, and the court's decree directed transfer of the suit to Travis County, Texas, in so far as the same obtained against Robert S. Calvert, Comptroller, and the two agents, Rickett and Ferguson,—leaving pending for trial in Tarrant County only the cause of action alleged against Loy R. Wattenbarger. Fitts appealed.

Judgment affirmed.

Vernon's Ann.Tex.Civ.St. Title 122A, "Taxation—General", Ch. 9, "Motor Fuel (Gasoline) Tax", Art. 9.02, "Rate of Tax; * * *", provides for the levy and imposition of certain taxes. Art. 9.04, "Penalties", in part provides that all taxes collected by a "distributor", etc. under authority of provisions of the Chapter, shall be for the benefit of, and paid to, the State of Texas. Art. 9.08, "Lien", provides that the State shall have a lien upon all the property of any "distributor" (defined by the Act), devoted to or used in his business as such, as security for the payment of all taxes, penalties, interest and costs owed the State, —and all taxes collected by him and required to be paid to the State.

The State of Texas, through its Comptroller, contends that Mr. Fitts was acting in the capacity of "distributor", within the contemplation of the Act, during the calendar years of 1961 and 1962;—and that because thereof and on account of acts done and performed pursuant to prosecution of his business he owes taxes in the amount of $3,362.35. Fitts obviously denies that he is liable for taxes. As against the Comptroller and his agents a finding to this effect is the objective of Fitts' suit for declaratory judgment.

During the time Mr. Fitts was doing business in 1961 and 1962 he was the owner of an International truck-tractor, with a gasoline tank trailer. When he ceased to do business in 1962, he sold the truck-tractor and tank trailer to Loy Wattenbarger. Wattenbarger, though having paid Fitts $4,-200.00 for the property, was confronted with a refusal on the part of the Highway

Department to transfer title thereof to him because a lien in favor of the State had been filed, charged and assessed against the truck and trailer pursuant to provisions of the Act. Wattenbarger, therefore, sought Fitts' agreement to rescind the contract of sale and purchase of the truck and trailer. Fitts refused to agree. He insisted that the difficulty was wrongfully caused and occasioned by the State Comptroller, through attempt by him to collect taxes and penalties which were not owed, and by registering the lien against the truck and trailer purportedly supported thereby.

Understandably Fitts decided to take his troubles to the courthouse. He desired to retain Wattenbarger's $4,200.00 and he wanted to avoid paying the taxes and penalty sought to be imposed. Tarrant County was selected by him as the forum in which he brought his suit for declaratory judgment.

The State Comptroller has not filed any suit against Fitts in connection with his attempt to collect the taxes and penalties claimed to be owing, but has been content to register the statutory lien on the truck and trailer. Because of this lien there was a question as to whether Fitts was able to and did convey good title thereto to Wattenbarger. Resolution of that question is obviously contingent. Such depends upon satisfactory disposition of the State's claim for taxes and penalties through payment or settlement of the claim,—or through a defeat of the claim pursuant to litigation. None of such, however, would require Wattenbarger's presence in the prosecution of Fitts' declaratory proceeding against the Comptroller.

We are presently concerned with the right of the State Comptroller, and his two agents, to be sued in Travis County. By Fitts' suit as against these is only asked that his tax liability be determined. By Fitts' suit against Wattenbarger is asked an adjudication of his rights, duties, responsibilities and legal relations in regard to the contract of sale and purchase. In

the one case the question to be resolved is Fitts' tax liability; in the other the question is whether Fitts has completely performed, according to his contract of sale and purchase with Wattenbarger, inhibiting the latter's right to rescind the contract *in toto* or to sue for damages on the theory of breach of contract.

Premise of Fitts' contention in his controverting affidavit to the pleas of privilege of the Comptroller and his agents is that venue lies in Tarrant County, where his suit was filed, under V.A.T.S. Art. 1995, "Venue, general rule", subsection 4, "Defendants in different counties". Thereunder it is provided that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Under said subdivision a nonresident defendant, sued upon the same cause of action along with another defendant who does reside in the county in which the suit is filed, may be sued in the county of the latter's residence. However, in order to retain jurisdiction against the nonresident defendant (over his protest) within the provisions of the subdivision a plaintiff must allege a cause of action which is joint, and introduce proof which shows that the subject cause of action actually exists against the resident defendant,—or, if the causes are not joint but only related, he must "show" that the causes of action are so closely or intimately connected that it is necessary that they be tried together in order that a multiplicity of suits be avoided. The mere demonstration that the outcome of a cause of action against one defendant is necessarily contingent upon the ultimate result of another and different cause of action against another defendant is not such a "showing".

The rule is succinctly stated in the case of Kasishke v. Ekern, 1954 (Tex.Civ.App., Amarillo), 278 S.W.2d 274, at pages 276 and 277, viz: "In construing the provisions of Exception 4 of Article 1995, it is well established that to maintain suit against a nonresident defendant, plaintiff must allege

a joint cause of action against the resident and the nonresident defendants, and must introduce competent evidence sufficient to prove a cause of action against the resident defendant, under the allegations relied upon. Tunstill v. Scott, Tex.Civ.App., 120 S.W.2d 274; Dearing v. Morgan, Tex.Civ. App., 120 S.W.2d 555; Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473; Lanham v. Lanham, Tex.Civ.App., 175 S. W.2d 286. It is true that cases growing out of the same transaction which are closely connected together may be joined together to avoid a multiplicity of suits, but appellee has failed to bring his alleged cause of action within such a rule in this case. * * Neither can venue be maintained against a nonresident defendant over his protests in the county of a resident defendant unless the nature of the alleged cause of action is joined together with or is the same against both defendants so as to make them both liable jointly and severally, or at least make them both necessary parties in order to recover against either." Upon causes of action closely connected and therefore joinable, see: McDonald, Texas Civil Practice, pp. 337–343, sec. 4.10; Atlas Roofing Co. v. Hall, 1952, 150 Tex. 611, 245 S.W.2d 477; Shaver v. Hughes, 1948 (Tex.Civ. App., Fort Worth), 214 S.W.2d 176; Pearson v. Guardian Trust Co., 1935 (Tex.Civ. App., Galveston), 84 S.W.2d 256; Cobb v. Barber, 1898, 92 Tex. 309, 47 S.W. 963; 37A Tex.Dig., Venue, ▇▇▇ d and 22 (3) b; 43–B Tex.Jur., pp. 206–218, "Venue", secs. 56–61; Clark, Venue in Civil Actions, p. 34, sec. 5.

In the instant case the trial court was of the opinion that the cause of action alleged by Fitts as against Wattenbarger was not joint with or the same as the cause of action alleged against the Comptroller and his agents, and that the two causes of action were not so closely connected as to require retention of venue in order to avoid a multiplicity of suits. In view thereof the court sustained the pleas of privilege and ordered the suit transferred to Travis County except as same existed against Wat-

tenbarger. We are of the opinion the trial court was correct under the authorities cited above.

We do not deem it necessary to discuss any questions arisen because of the acts or residence of one or more of the agents of the State Comptroller. The record makes it plain that all of the action already occurred or merely threatened, of which Fitts has complaint in connection with taxation, was actually "state-action". In other words, there is nothing in the case to indicate that any action by the Comptroller, or any deputy, was without legal authority. Therefore complaint thereof, as subject matter of the suit, cannot be treated as though made against them as individuals. That being true the constructive domicile of both the state officer and his agents (in the performance of their duties) is Travis County. Wholly without merit would be any contention of a right to maintain venue in Tarrant County by reason of the fact that one or more of the agents of the Comptroller, made party defendants along with said State officer, was a resident thereof for purposes other than as related to "state-action".

There was no error in the order of the trial court which left pending for trial in Tarrant County Fitts' suit against Wattenbarger. What is important is that the cause retained, and pending for trial in Tarrant County, was not one which was joint with the cause transferred, but rather was severable, or joint and several, and therefore one which was properly retained for disposition in the county where the suit was originally filed. See Tunstill v. Scott, 1942, 138 Tex. 425, 160 S.W.2d 65; International Harvester Company v. Stedman, 1959, 159 Tex. 593, 324 S.W.2d 543.

Fitts has numerous points of error in his brief, as to some of which what we have stated above is not determinative. We are of the belief that lengthening this opinion in further discussion would not be warranted. Most of these points are not such as would require a reversal of the judgment of the trial court even if sustained. Nevertheless, we have severally examined the points presented and severally overrule them.

Judgment affirmed.