**TEXAS HIGHWAY DEPARTMENT, Appellant,**

**v.**

**Eldridge JARRELL, Appellee.**

**No. 7555.**

Court of Civil Appeals of Texas.

Texarkana.

May 5, 1964.

Rehearing Denied May 26, 1964.

Malcolm L. Quick, Austin, for appellant.

Flanary & Bailey, Paris, for appellee.

FANNING, Justice.

This is a venue case. Plaintiff-appellee Jarrell·in the District Court of Delta County, Texas, sued the Texas Highway Department, seeking to set aside a compromise settlement approved by the Industrial Accident Board in a workmen's compensation matter on the ground of fraud. Prior to the filing of the suit the Legislature of Texas had granted permission to sue the State of Texas and the Texas Highway Department. Senate Concurrent Resolution No. 53, Acts, 58th Legislature, Regular Session, 1963, p. 1717. This resolution did not specify any particular county as the county of venue for the suit.

Defendant-appellant Texas Highway Department filed a plea of privilege and set forth therein that said department was a duly constituted agency of the State of Texas, and maintained its principal place of business at Austin, Travis County, Texas, and that the proper venue against the Texas Highway Department was in Austin, Texas.

Plaintiff-appellee's controverting affidavit, among other things, alleged to the effect that the Texas Highway Department was not a resident of any particular county and that the State is domiciled in no particular county and has no rights under the general venue statute.

The trial court overruled the plea and the Texas Highway Department has appealed.

No fraud was proven and appellee does not rely upon fraud to sustain venue in Delta County, Texas.

Cases cited and relied upon by appellee to support his view that the State is domiciled in no particular county and has no rights under the general venue statute, are as follows: Martin v. State, Tex.Civ.App., 75 S. W.2d 950, n. w. h.; State v. Isbell, 127 Tex. 399, 94 S.W.2d 423, opinion adopted by Supreme Court; Duval County Ranch Company v. Texas Company, et al., Tex. Civ.App., 301 S.W.2d 247, n. w. h.

Cases cited and relied upon by appellant to support its view that the proper venue against the Texas Highway Department is in Austin, Travis County, Texas, are as follows: Denison v. State, Tex.Civ.App., 61 S.W.2d 1017, error refused in 122 Tex. 459, 61 S.W.2d 1022; Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 210 S.W.2d 852, n. w. h.; University of Texas v. Booker, Tex.Civ.App., 282 S.W.2d 740, n. w. h.; City of San Antonio v. United Gas Pipe Line Co., Tex.Civ.App., 354 S.W.2d 217, n. w. h.; Rainbo Baking Company of San Antonio v. Aiken et al., Tex. Civ.App., 362 S.W.2d 660, n. w. h.; Fitts v. Calvert, State Comptroller et al., Tex. Civ.App., 374 S.W.2d 274, wr. dism., w. o. j.

Shortly after this cause was argued the recent case of Fitts v. Calvert, State Comptroller et al., Tex.Civ.App., 374 S.W.2d 274, was brought to our attention. The Supreme Court of Texas has recently dismissed an application for writ of error in this cause with the notation, w. o. j. We quote in part from Fitts v. Calvert, State Comptroller et al., supra (374 S.W.2d 274), as follows:

"We are presently concerned with the right of the State Comptroller, and his two agents, to be sued in Travis County.

*   *   *   *   *   *

"We do not deem it necessary to discuss any questions arisen because of the acts or residence of one or more of the agents of the State Comptroller. *The record makes it plain that all of the action already occurred or merely threatened, of which Fitts has complaint in connection with taxation, was actually 'state-action'.* In other words, there is nothing in the case to indicate that any action by the Comptroller, or any deputy, was without legal authority. *Therefore complaint thereof, as subject matter of the suit, cannot be treated as though made against them as individuals. That being true the constructive domicile of both the state officer and his agents (in the performance of their duties) is Travis County. Wholly without merit would be any contention of a right to maintain venue in Tarrant County by reason of the fact that one or more of the agents of the Comptroller, made party defendants along with said State officer, was a resident thereof for purposes other than as related to 'state-action'. * * *"* (Emphasis added.)

We hold that the plea of privilege should have been sustained.

The judgment of the trial court is reversed and judgment is rendered transferring the cause to a District Court of Travis County, Texas.

Reversed and rendered.