**GULF COAST BUSINESS FORMS, INC.,**
Appellant,

v.

**TEXAS EMPLOYMENT COMMISSION,**
Appellee.

No. 7446.

Court of Civil Appeals of Texas,
Beaumont.

March 29, 1973.

Motion for Rehearing Overruled
April 19, 1973.

Charles K. Ruth, Beaumont, for appellant.

Michael E. Stark, Asst. Atty. Gen., Capitol Station, Austin, for appellee.

KEITH, Justice.

The appeal is from an order sustaining the plea of privilege of Texas Employment Commission, defendant below, to be sued in Travis County. Plaintiff filed a suit for declaratory judgment "for the purpose of determining the legal status of W. N. Hazlip and R. A. Hazlip, in relationship to Plaintiff, a corporation, and for the further purpose of determining the liability

of the Plaintiff for Texas Unemployment Compensation taxes under the Texas Unemployment Compensation Act, effective January 1, 1967, and at all times subsequent thereto."

Plaintiff's controverting plea did not invoke any of the exceptions set out in Art. 1995, Vernon's Ann.Civ.St., but asserted that since it was a suit for declaratory relief under Art. 2524—1, V.A.C.S., "[s]aid Article places the jurisdiction upon any court of record within their respective jurisdiction. Plaintiff's principal place of business is in Jefferson County, Texas, and the defendant, a State agency, operates in all counties of the State, including Jefferson County."

Although the order sustaining the plea of privilege recites that the court heard evidence, no statement of facts was brought forward. We do have, however, extensive findings of fact and conclusions of law included in the record which we review. One of the conclusions of law challenged by the plaintiff, which epitomizes plaintiff's position on this appeal, reads as follows:

"The Court further concludes that the law of the case is to the effect that, since this matter involves State action and involves a State agency; namely, the Texas Employment Commission, that the Plea of Privilege of said Commission is good and should be, and is, sustained."

Plaintiff summarizes its contention, presented under five points, in this manner:

"The only question for determination by this Honorable Court is as follows: 'Is an injured or aggrieved party required or compelled by law to institute all suits against the Texas Employment Commission in Travis County?' Or, to put the question in another vein, 'Is this an action against the State of Texas that requires a suit to be brought in Travis County?' "

We are of the opinion that only the second question requires an answer on this appeal and our answer is in the affirmative for the reasons now to be stated.

An examination of plaintiff's petition for declaratory judgment reveals that the relief sought was a declaration that two of its officers "were not employees of your plaintiff on January 1, 1967, and that your plaintiff was not subject to the Texas Unemployment Compensation Act until on and after January 1, 1972." Further allegations are to the effect that the Commission was attempting to collect "additional taxes, penalty and interest, based upon an erroneous conclusion that your plaintiff was an employer and subject to the payment of Texas unemployment compensation [contributions] since January 1, 1967."

■ Thus, the dominant and ultimate purpose of plaintiff's suit was for a declaration that it did not owe the contributions assessed against it by the Commission under the Act. In State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238, 240 (1943), the Court determined that the "claim of the State for contributions under the Unemployment Compensation Act is for taxes other than ad valorem taxes." Had plaintiff paid such assessments and sought a refund, exclusive venue of the action would have been in Travis County. Art. 5221b–12(j)(2), V.A.C.S. Had the Commission undertaken to collect such contributions, penalties, and interest, exclusive jurisdiction of that suit would have been in Travis County. Art. 5221b–12(b), V.A.C.S.

Instead of paying the taxes under protest and seeking a refund as provided in § (j)(2), supra, plaintiff sought a declaratory judgment that it did not owe the taxes assessed. We are not persuaded that this legal maneuver can be utilized to escape the statutory venue fixed by the Act under which the controversy arose.

■■ A declaratory judgment action is "neither legal nor equitable, but sui gener-

is." Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 713 (1945). But, actions for declaratory judgments are governed by the established rules relating to the venue of civil actions generally. Glens Falls Indemnity Co. v. Sterling, 213 S.W.2d 858, 862 (Tex.Civ.App., Dallas, 1948, mand. overruled); City of Gilmer v. State, 281 S.W. 2d 109, 112 (Tex.Civ.App., Austin, 1955, no writ); Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., 324 S.W.2d 943, 947 (Tex.Civ.App., Amarillo, 1959, error dism.); Community Inns Franchise, Inc. v. Plummer, 379 S.W.2d 670, 671 (Tex.Civ. App., Texarkana, 1964, no writ).

■ Plaintiff relies upon a series of cases[1] as supporting venue in the county of suit when the Commission was named as a defendant. These have no persuasive value in the case at bar. Each was an appeal from an order denying benefits to a claimant. Venue was not involved in any of these cases since it is fixed in the statute to be in the county of claimant's residence. Art. 5221b–4(i), V.A.C.S. Plaintiff was not an aggrieved claimant of benefits and the provisions of § 4(i), supra, have no application to the case at bar.

State v. Noser, 422 S.W.2d 594 (Tex. Civ.App., Corpus Christi, 1967, error ref. n.r.e.), cited by plaintiff, is not in point. It was a suit involving the question of "State action" under the rationale of State v. Lain, 162 Tex. 549, 349 S.W.2d 579 (1961), and venue was not placed in issue by the State. Nor is Industrial Accident Board v. Miears, 227 S.W.2d 571 [Tex. Civ.App., Galveston, 1950, affirmed in part and in part reversed, 149 Tex. 270, 232 S. W.2d 671 (1950)], in point. This was a suit by an injured employee claiming benefits of the Second-Injury Fund Act, a part

of the Workmen's Compensation Law which fixed venue in the county in which the injury was sustained. It was not a mandamus proceeding, as the Board contended, governed by Art. 1995, § 20, V.A.C. S.

Nor are we persuaded by the case of Sterrett v. Gibson, 168 S.W. 16 (Tex.Civ. App., San Antonio, 1914, no writ). This was a case wherein plaintiffs procured a temporary injunction against the Game, Fish & Oyster Commissioner and his deputies. The Commissioner contended that it was an action for mandamus with jurisdiction fixed exclusively in the Supreme Court. This contention was overruled but the order granting the temporary injunction was reversed and the cause rendered for the Commissioner. The other two cases relied upon by plaintiff[2] are readily distinguishable from the case at bar although each contains dicta helpful to plaintiff's contentions.

In essence, plaintiff argues that even if this is an action against the State, the State is domiciled in no particular county and has no rights under the general venue statute. There is language to be found in support of this view in Martin v. State, 75 S.W.2d 950, 952 (Tex.Civ.App., El Paso, 1934, no writ), and State v. Isbell, 127 Tex. 399, 94 S.W.2d 423, 424 (1936). However, in each case, the plaintiff brought suit pursuant to legislative permission which fixed venue in the county of suit. In *Isbell,* it was noted that the "privilege [to sue the sovereign] accorded appellee in this instance can be exercised only in Upshur county and nowhere else." Our plaintiff did not even allege that it had legislative permission to sue the State.

The Commission relies upon Fitts v. Calvert, 374 S.W.2d 274 (Tex.Civ.App., Fort

1. The cases cited by plaintiff are, in the order of citation: Texas Employment Commission v. Ryan, 481 S.W.2d 172 (Tex. Civ.App., Texarkana, 1972, no writ); Redd v. Texas Employment Commission, 431 S.W.2d 16 (Tex.Civ.App., Corpus Christi, 1968, error ref. n. r. e.); Texas Employment Commission v. Holberg, 434

S.W.2d 733 [Tex.Civ.App., Beaumont, 1968, affirmed in part and in part reversed, 440 S.W.2d 38 (Tex.1969)].

2. Austin v. Conaway, 283 S.W. 189 (Tex. Civ.App., Eastland, 1926, no writ), and Board of Water Engineers v. Briscoe, 35 S.W.2d 804 (Tex.Civ.App., Galveston, 1930, error dism.).

Worth, 1963, error dism.), and Texas Highway Department v. Jarrell, 379 S.W. 2d 417 (Tex.Civ.App., Texarkana, 1964, error dism.). In *Jarrell* (which followed *Fitts*), the authorities are cited which support the Commission's position that venue did not lie in Jefferson County. Being of the opinion that the line of cases cited in *Jarrell,* supra (379 S.W.2d at 418), are dispositive of the appeal, we pretermit a further discussion of the question.

The trial court properly sustained the plea of privilege of the Commission to be sued in Travis County and the judgment is

Affirmed.

DIES, Chief Justice (dissenting).

With respect, I dissent. The Texas Unemployment Compensation Act (Art. 5221b–1 et seq., V.A.C.S.) does not set the venue in this type of suit.

Art. 1995 reads that "[n]o person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases . . . ." So the effect of the majority opinion is to hold that the State of Texas is domiciled only in Travis County. I agree that this holding is supported by Fitts v. Calvert, 374 S.W.2d 274 (Tex.Civ. App., Fort Worth, 1963, dism.) and Texas Highway Department v. Jarrell, 379 S.W. 2d 417 (Tex.Civ.App., Texarkana, 1964, dism.); but I would follow the advice of Martin v. State, 75 S.W.2d 950, 952 (Tex. Civ.App., El Paso, 1934, no writ) wherein it is said:

"There is a difference between the government of a state and the state itself (Poindexter v. Greenhow, 114 U.S. 270, 5 S.Ct. 903, 962, 29 L.Ed. page 185; Grunert v. Spalding, 104 Wis. 193, 78 N.W. 606) and, therefore, the fixing of the seat of government for the state is not equivalent to fixing its domicile. The domicile of a person is the place in which he has his fixed habitation without any present intention of removing

therefrom. 15 Tex.Jur., § 2, pp. 708, 709. The powers of the state are coextensive with its physical boundaries and, as said by the Supreme Court in Wheeler v. State, 8 Tex. 228, 'it cannot be said of the State, that she resides in a particular county. * * *'"

See also State v. Isbell, 127 Tex. 399, 94 S.W.2d 423 (1936) and Duval County Ranch Company v. Texas Company, 301 S.W.2d 247, 249 (Tex.Civ.App., Austin, 1957, no writ), ". . . the State is not a resident of any particular county. [citing *Martin*]"

I recognize plaintiff's precarious position in failing to allege it had permission to sue the State, but this has not yet been raised by the State (although the Assistant Attorney General in oral argument indicated this would later be urged).

So we cannot escape answering the question: Where is Texas domiciled? In my judgment, it is domiciled as much in El Paso and Orange as it is in Austin. I agree with the argument of appellee that the situs of government is in Austin; but situs and domicile are two different concepts.