EVA HUNTER, APPELLANT, v. DONALD P. MILLER, COMMISSIONER OF LABOR FOR THE STATE OF NEBRASKA, APPELLEE.

27 N. W. 2d 638

Filed May 23, 1947.    No. 32245.

*W. G. Whitford,* for appellant.

*Clarence A. H. Meyer* and *John E. Sidner,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

The plaintiff here seeks the benefit of the Placement and Unemployment Insurance Law (chapter 48, article 6, R. S. 1943). The principal question presented is this: Was she "available for work" within the meaning of that phrase in section 48-627, R. S. 1943? The appeal tribunal denied her the benefits of the act. She appealed to the district court where benefits were denied. She appeals here. We affirm the judgment of the district court.

At the time this action began plaintiff was a married woman, the mother of two children. Her home was at Oakdale. Before her marriage she did housework. After marriage she was not employed until just prior to January 1945, when she was employed in a diet kitchen for less than two months. In January 1945, she secured work at the ordnance plant near Grand Island, where she worked until June 1945. She quit because of a temporary illness.

Apparently her husband worked at the ordnance plant also, and they had living quarters at Grand Island. About the time the plaintiff left her employment, the husband secured employment at North Platte and plaintiff went there to be with him. His employment was

terminated and they returned to Oakdale, living one mile out of town. The husband was employed around Oakdale for a time, and became unemployed in December 1945. Both husband and wife then applied for the benefits of the act.

At the hearing before the appeal tribunal, plaintiff testified that she was unable to secure employment at Oakdale; that it was a town of 560 population with no industries other than "stores" and hardly any work was available; and that housework was not available. A report of an investigator shows that plaintiff reported she would accept only daytime employment, and that she would not accept work as sales clerk or waitress, but would as a cook.

She was offered a job at Norfolk as a cook, but refused it because there was no assurance of living quarters for herself and her family, and she had no transportation.

At the hearing before the district court, plaintiff testified that since the hearing before the appeal tribunal her husband had died; that she had moved into the village of Oakdale and had been working four or five days a week. The nature of her employment is not shown, nor is the time and length of the employment.

The plaintiff contends here that the act should be liberally construed. The defendant agrees. We think the rules applied to the Workmen's Compensation Act should be applied here. The act is to be liberally construed so that its beneficent purposes may be accomplished. This rule of construction applies to the law and not to the evidence to support a claim by virtue of the law. This rule does not dispense with the necessity of claimant establishing a right to the benefits of the act, nor does it permit an award of benefits where the requisite showing that claimant is entitled to the benefits of the act is lacking. See Hassmann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592. Likewise, the act cannot be extended by construction to noncompens-

able claims. Burlage v. Lefebure Corporation, 137 Neb. 671, 291 N. W. 100; Woodmen of the World Life Ins. Society v. Olsen, 141 Neb. 776, 4 N. W. 2d 923.

The plaintiff further contends that registry with the employment office creates a prima facie case of availability for work within the meaning of the act, and that the burden of proof does. not rest upon her to show availability for work, but that when she registered for work a prima facie case of availability was shown. Section 48-627, R. S. 1943, provides that an unemployed individual shall be eligible to receive benefits "only" if the Commissioner of Labor finds certain facts. Registration for work and reporting at an employment office in accordance with regulations is but one of several required findings, among which is the further finding that claimant is "able to work, and is available for work." The contention of the plaintiff in this regard cannot be sustained.

A hard and fast rule as to what constitutes availability for work cannot be adopted. It depends in part upon the facts and circumstances of each case. However, the courts have suggested certain tests.

" 'The availability requirement is said to be satisfied when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market.' " Reger v. Administrator, Unemployment Compensation Act, 132 Conn. 647, 46 A. 2d 844.

"There is no requirement in the quoted section, nor elsewhere in the act, that a claimant shall be available for work in any particular place, such as the locality in which he earned his wage credits or where he last worked or resided. The mere fact that a claimant has moved from one locality to another does not create a basis for holding him unavailable for work. If he registers for work in the new locality, and labor-market conditions there afford reasonable opportunities for work, he is available for work. Even if it appears that

he might more readily have been employed had he remained in his former locality, he is nevertheless available for work if he is willing to take work for which opportunities exist in the new locality." Sturdevant Unemployment Comp. Case, 158 Pa. Super. 548, 45 A. 2d 898.

Does the record here show that plaintiff was willing, able, and ready to accept suitable work which she did not have good cause to refuse? Was she genuinely attached to the labor market? Was she willing to take work in the locality of Oakdale?

It is not shown that plaintiff sought work at Grand Island where she had been employed, nor at North Platte when residing there with her husband. She attached herself to the labor market in the vicinity of Oakdale. The only industries there were the "stores." The record shows that she advised the representative of the commissioner that she would not accept work as a sales clerk, but would like to work as a cook. She accordingly closed the door to the only available employment that she states existed in Oakdale. She was advised by the employment service that a job as a cook was available at Norfolk. She was unwilling to accept that job or any other job away from Oakdale, unless housing facilities for herself and her family were assured. She made no effort to secure such facilities. Her reasons for refusing employment, while understandable, were nevertheless personal to her. It is not shown that there was any reason why the job offered was not acceptable. She was willing to accept employment only on her own terms. She was not genuinely attached to the labor market. We reach the conclusion that plaintiff was not available for work within the provisions of the act.

The judgment of the district court is affirmed.

AFFIRMED.