DOROTHEA D. LORETI & others *vs.* GERALD M. CALLAHAN, INCORPORATED. November 3, 1952. Order sustaining demurrer affirmed. Final decree dismissing the bill affirmed with costs. This is a suit in equity by twenty-one plaintiffs against the defendant for specific performance of twenty-one separate building contracts between each plaintiff and the defendant. The defendant filed a demurrer on the ground, among others, that the bill is multifarious. On appeal all grounds of a demurrer are open. *Monach* v. *Koslowski*, 322 Mass. 466, 468. We need consider none of the other grounds stated for it is plain that the bill is multifarious. The several causes of action set forth in the bill involve different sets of facts for "many of the houses" with which the contracts of the defendant were concerned. No one of the plaintiffs in the bill had any interest in the contracts referred to in the bill other than his

own contract with the defendant. The several contracts were made at different times and the duty of the defendant to each of the plaintiffs is owed separately and not jointly. "Bills are commonly held to be multifarious where the different parties assert rights arising from separate transactions not having a common origin, not bound together by any connecting link, not susceptible of being redressed by similar relief, and not displaying community of interests." *Laverty* v. *Associated Gas & Electric Securities Co. Inc.* 300 Mass. 79, 82. In the present suit the only thing which the plaintiffs had in common was a claim against the defendant based on breaches of their respective contracts, some on similar grounds and some on different grounds. Avoidance of multiplicity of suits is not enough to warrant a joint suit. *Rogers* v. *Boston Club*, 205 Mass. 261, 266. *Laverty* v. *Associated Gas & Electric Securities Co. Inc.* 300 Mass. 79, 82.

*Thomas B. Shea*, for the plaintiffs.

*George J. Elbaum*, for the defendant.