46 N.J. Super. 338 (1957)
134 A.2d 730
HENRIETTA V. BRESKIN, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 26, 1957.
Decided September 20, 1957.
*340 Before Judges FREUND, CAFIERO and ARTASERSE.
Henrietta V. Breskin, appellant, pro se.
Mr. Clarence F. McGovern, attorney for respondent (Mr. Edward A. Kaplan, on the brief).
The opinion of the court was delivered by ARTASERSE, J.S.C. (temporarily assigned).
This is an appeal from a decision of the Board of Review, Division of Employment Security, Department of Labor and Industry, State of New Jersey, holding appellant to be ineligible for employment benefits for failure to comply with the provisions of N.J.S.A. 43:21-4(c) which required her to demonstrate that during the period of her unemployment she was "actively seeking work."
Appellant was employed by L. Bamberger & Company as a store detective from September 1953 until June 9, 1956. She worked in the company's department store in Newark until October 1955, when she was directed to divide her time among the company's stores in Newark, Plainfield and Morristown. At first she was required to work only a few days every six weeks at the Plainfield and Morristown stores. Later she was directed to rotate her working time equally *341 among these three stores  one week at each. Appellant lived in Elizabeth and when working in the Plainfield and Morristown stores she was paid her transportation for any mileage in excess of that to the Newark store, but had to travel on her own time. According to her testimony, she disliked going to work at the suburban stores and wanted to work only at the Newark store. She further testified that the inactivity of the work in the suburban stores caused her to sustain nervous tension for which she received medical treatment. A letter dated September 13, 1956 from her treating physician discloses that she was under treatment for neurosis attributable to her employment activities, but states that she was capable of working in the future in a less emotional field. However, prior to June 1, 1956, at her doctor's advice, she sought a leave of absence and upon its denial gave notice she would leave her employment on June 30, 1956. She also asked that until such date she be relieved from working in the suburban stores, whereupon her employer suggested that she leave on June 9, 1956, which she did.
She filed an unemployment claim on June 26, 1956, reporting regularly, but no benefits were paid. From the date she terminated her employment until October 2 she had made only six applications for work, each of which was in the capacity of a hotel hostess, at which she had once been employed. Three were at hotels in Asbury Park, the names of which she did not recall; another in a designated hotel in Manasquan; another at a designated restaurant in Elizabeth, and another at a designated hotel in Elizabeth. Upon her request in the latter part of September she was given aptitude tests and counseling. Immediately thereafter she diligently sought factory work as a trainee and secured a job in that capacity starting October 12.
The deputy of the Division of Employment Security found appellant to be disqualified for unemployment benefits for having voluntarily left her employment without good cause. On appeal the Appeal Tribunal modified the deputy's ruling, holding that the appellant had good cause to leave her employment *342 but her subsequent failure to actively seek work rendered her ineligible to receive unemployment benefits. This latter ruling was affirmed by the Board of Review, but benefits were allowed after October 2, 1956, when appellant became active in seeking employment until October 8, 1956, after which date she ceased to report. From the disallowance of unemployment benefits between June 26 and October 2, appellant appeals.
While the objective of the unemployment compensation law is to protect against "involuntary unemployment" R.S. 43:21-2, the mere fact that employment is terminated at the instance of the employee, rather than his employer, does not ipso facto preclude relief under this law. As stated in Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 464 (1953):
"The Legislature contemplated that when an individual voluntarily leaves [his] job under the pressure of circumstances which may reasonably be viewed as having compelled him to do so, the termination of his employment is involuntary for the purposes of the act."
See also Campbell Soup Co. v. Board of Review, Division of Employment Security, 13 N.J. 431, 435 (1953); Board of Review, etc. v. Kearfott Mfg. Corp., 46 N.J. Super. 39, 45 (App. Div. 1957). Both the Appeal Tribunal and the Board of Review found that the state of appellant's health presented circumstances compelling the surrender of her position. See Annotation, 14 A.L.R.2d 1308; and Annotation, 158 A.L.R. 396, supplemented in 165 A.L.R. 1382. This finding is adequately supported by the evidence and, hence, should not be disturbed.
Turning to the more important question of appellant's endeavors to locate work as affecting her eligibility for unemployment benefits, we find that prior to 1948 the act provided that "An individual * * * shall be eligible to receive benefits * * * only if it appears that: * * * (c) He is able to work, is available for work." R.S. 43:21-4(c); Muraski v. Board of Review, 136 N.J.L. 472 (Sup. Ct. 1948). Under this provision this court held that *343 to be "available for work," as contemplated by the statute, one should make some effort to obtain employment by actively seeking it within a reasonable distance of his home. Boyer v. Board of Review, 4 N.J. Super. 143, 146 (App. Div. 1949); see also 81 C.J.S. Social Security and Public Welfare § 197, p. 291. Subsequently, the ruling of the Boyer case was implemented by an amendment to the act which not only requires that a claimant be "able to work" and "available for work" but also that he "has demonstrated that he is actively seeking work." L. 1948, c. 110, p. 598. Merely registering with the State Employment Service for work is not sufficient, Krauss v. A. & M. Karagheusian, Inc., supra; nor is registering plus asking relatives and friends if they know of any opportunities for work, Boyer v. Board of Review, supra. Similarly, reading newspaper want ads and telephoning a few places will not suffice, De Rose v. Board of Review, 6 N.J. Super. 164 (App. Div. 1950); nor will reporting once a month at the local union headquarters, Guidice v. Board of Review, 14 N.J. Super. 335 (App. Div. 1951). The appellant here has not made more than the minimal effort to find employment which has been determined to be insufficient in these cases. Appellant worked for a period of more than three years as a store detective and prior thereto worked for a short time as a hostess in a hotel. With limited working background and training she again sought work as a hostess. She did not seek other employment. According to her testimony, she applied for work as a hostess at six places within a period of about three months. What the availability of such work was the record does not disclose, but appellant urged in her notice of appeal that such "jobs are few and far between."
Did the restriction of appellant's job hunting efforts to hostess work with only six applications over a three-month span constitute compliance with the statutory requirements of availability and an active search? See Muraski, supra, where it was held that restricting one's availability to "an office job" at a minimum rate of $1 per hour failed to meet the test of availability, and Annotation, 25 A.L.R.2d 1077. *344 It is said that the provisions for eligibility and disqualification are designed to preserve the Unemployment Compensation Fund for the payment of benefits to individuals in distress from involuntary unemployment and to protect it against the claims of those who would prefer benefits to suitable jobs. Krauss v. A. & M. Karagheusian, Inc., supra, 13 N.J. at page 455; Ludwigsen v. New Jersey Dept. of Labor & Industry, 12 N.J. 64, 68 (1953). However, our law understandably and properly recognizes that after the termination of employment an interim period may be required to permit a person to inquire as to the employment situation in the craft or trade in which he has experience, before he will be required to tramp from factory to factory for general unskilled work. Guidice v. Board of Review, supra; De Rose v. Board of Review, supra. This salutary rule serves not only to be of help to the unemployed but also is in the interest of the common good, for otherwise a competent working force will not be maintained if a skilled workman must, at the peril of losing unemployment benefits, be compelled unreasonably to accept employment not requiring his skill and experience. Nevertheless, each case must be examined on its own facts and the normal allowance of a reasonable interim period of adjustment is but one factor to consider. Cf. Higgins v. Board of Review, 33 N.J. Super. 535 (App. Div. 1955). Here appellant lived with her mother and 15-year-old son. There was nothing to hold her back from a diligent search for work. Moreover, the record discloses she was indecisive as to what kind of work she wanted or was capable of doing. Indeed, when appellant made an active search for work as a factory trainee after October 2, 1956, employment was procured within two weeks. Under these circumstances, this court ought not disturb the Board's finding that she failed to demonstrate that she actively sought work within the intendment of N.J.S.A. 43:21-4(c). Guidice v. Board of Review, supra.
Affirmed.