71 N.J. Super. 127 (1961)
176 A.2d 520
JAMES T. EDMUNDSON, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1961.
Decided December 15, 1961.
*128 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. James T. Edmundson argued the cause pro se.
Mr. Edward A. Kaplan argued the cause for the respondent.
*129 The opinion of the court was delivered by LABRECQUE, J.S.C. (temporarily assigned).
Claimant-appellant, James T. Edmundson, appeals from a decision of the Board of Review, Division of Employment Security, affirming the decision of the Appeal Tribunal holding him ineligible for unemployment benefits from January 16, 1961 through February 19, 1961.
Edmundson had been employed as a porter by Tepper's Department Store, Plainfield, N.J., for approximately two years prior to the time in question. He had been working full-time, from 8:30 P.M. to 6:00 A.M., until November 12, 1960, when he became separated. Following the termination of his employment, he testified he desired to enroll in the spring term at Rutgers with the hope of attending afternoon classes. However, he did not enter Rutgers, nor did he register or file an application to enter. He had not attended Rutgers during the two years he was employed at Tepper's.
During the entire period for which he was held ineligible for benefits he restricted his availability for work to part-time work, i.e., from 8:30 A.M. to 12:00 noon, or from 9:00 A.M. to 1:00 P.M. Since he was not attending school, he tried to keep busy around the house. At the time he filed his claim for unemployment benefits he certified that he was ready, willing and able to work full-time and that he was seeking full-time work. However, in his claim interview he conceded that he was available for part-time work only. Based upon this the deputy made a determination that, as of January 16, 1961, he was ineligible for benefits by reason of the restriction of his availability to part-time work although he had been last employed on a full-time basis. On February 1, 1961 the Division affirmed this determination.
On appeal from the Division's determination, the Appeal Tribunal held a hearing and determined that since he had no part-time work during his base year, N.J.S.A. 43:21-20.1, dealing with the eligibility of part-time workers *130 for benefits, did not apply and the limitation placed by him upon his availability for work made him ineligible for benefits. The Board of Review affirmed this decision.
We call attention to the fact that the brief of the claimant is violative of the rules in many respects. While these deficiencies may be overlooked as claimant is a layman, the brief was in no way addressed to the legal question on which determination of the case depends. We are indebted to counsel for the respondent for having presented fairly and concisely both the question involved and the factual situation on which its resolution depends.
On the undisputed testimony before the Bureau, the only issue fairly presented is whether availability for work, within the meaning of N.J.S.A. 43:21-4(c), extends to availability restricted to part-time work when the individual in question had previously been employed full-time through the date of involuntary separation from his prior employment. No decision of our courts directly passing upon the point has been submitted by either side.
N.J.S.A. 43:21-4 provides that:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if it appears that:

* * * * * * * *
(c) He is able to work, is available for work, and has demonstrated that he is actively seeking work, * * *."
In Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 457-458 (1953), the court stated that in determining whether claimant is entitled to benefits the "available for work" test under subsection 4(c) is of first importance. The availability requirement is a test to discover whether the claimant would, in actuality, be working during the benefit period, were it not for his inability to obtain work that is appropriate for him. The test is met where the individual is ready, willing and able to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market. The emphasis is thus upon the claimant's attachment to the *131 labor market. The genuineness of such attachment on his part is to be discovered in the evidence of what he does to find employment.
The Unemployment Compensation Law has as its purpose the amelioration of the plight of workers who have become unemployed through no fault of their own. Medwick v. Board of Review, 69 N.J. Super. 338, 340 (App. Div. 1961). A claimant must seek work actively. Higgins v. Board of Review, 33 N.J. Super. 535, 537-539 (App. Div. 1955). He must make "a diligent search for work." Breskin v. Board of Review, 46 N.J. Super. 338, 344 (App. Div. 1957). He must be "ready to accept" suitable work which he does not have good cause to refuse. Krauss v. A. & M. Karagheusian, Inc., supra, 13 N.J., at page 457.
In a number of cases it has been held that a claimant must remain available for suitable work and cannot arbitrarily delimit the type of work which he will undertake to a category unreasonably narrower than that for which he is suited. Thus in Valenti v. Board of Review of U.C.C. of N.J., 4 N.J. 287 (1950), the claimant was employed in handsewing and finishing men's coats at home. When the employer discontinued home work and offered claimant like employment at its factory, she refused the offer of employment for alleged reasons of health. The Supreme Court, in reversing the Appellate Division and affirming the holding by the Board of Review that she was not eligible for unemployment benefits, held:
"* * * To qualify for such benefits, it is essential that the unemployed claimant be `able to work' and `available for work.' R.S. 43:21-4(c). This section prescribes a status indispensable to the operation of the act. It sets down the legal capacities and the nature of the relation to the State's economy which condition the right to resort to the fund created to serve the statutory policy. It is requisite that the unemployed workman have what has been termed a `genuine attachment to the labor market.'" (at page 290)
In the prior case of W.T. Grant Co. v. Board of Review, 129 N.J.L. 402 (Sup. Ct. 1943), the plaintiff, previously *132 employed as a clerk in a variety store, had resigned her position in favor of marriage. Subsequently she decided to seek work, but restricted her search to factory work at higher wages. There was work available for her at her old employer's which she refused. The court held that she was unavailable for work and hence not eligible for benefits:
"The applicant deliberately and continuedly shut herself off from a considerable field of suitable employment. By her purposeful and voluntary act she was not wholly available for suitable work, and thus she placed herself, in our opinion, outside of those who, under 43:21-4(c), were eligible for unemployment benefits. Participation in benefits is granted only to those who in addition to being able to work are available for work. It was not merely that the applicant had failed to apply for a designated job; she had made herself definitely unavailable for any position in that scale * * *. She was not in the market for such employment." (at page 407)
In Muraski v. Board of Review of U.C.C., 136 N.J.L. 472 (Sup. Ct. 1948), claimant upon termination of his employment as a laborer, determined to take only an office job. He was unable to find work of that type except at a small salary, which he refused. In rejecting his claim for benefits, the court held:
"Thus, the claimant unduly restricted his availability for employment in the area open to him. He rendered himself unavailable for suitable work in the only market at his command; and so it did not appear that he was available for work in the sense of the statute. The expressed policy of the act is the relief of `involuntary unemployment' (R.S. 43:21-2); and to qualify for benefits it is essential that it appear that the claimant is `able to work' and `available for work.' The claimant here did not meet this test. His unemployment was voluntary." (at page 473)
In Breskin v. Board of Review, supra, the claimant did work for several years as a store detective and prior to that time had been a hostess in a hotel. Upon termination of her employment, she restricted her job hunting efforts to employment as a hostess and was held to be ineligible for benefits.
*133 Under the original statute, R.S. 43:21-20 (L. 1936, c. 270), the Commission (predecessor of the Division) was directed to approve fair and reasonable general rules applicable to part-time workers, for determining their full-time weekly wage and the total wages required to qualify such workers for benefits. "Part-time worker" was defined for the purpose stated as meaning an individual "whose normal work is in an occupation in which his services are not required for the customary scheduled full-time hours prevailing in the establishment in which he is employed, or who, owing to personal circumstances, does not customarily work the customary scheduled full-time hours prevailing in the establishment in which he is employed." This section of the act was repealed in 1945 (L. 1945, c. 308). By L. 1952, c. 282, the act was amended to read as follows:
"A claimant who, during a substantial portion of his base year, has been performing less than full-time work and who limits his availability to less than full-time work shall be eligible for benefits only if and when in his benefit year there is good cause for such limitation and there exists in his work locality a sufficient amount of suitable work to justify such limitation, subject to the further condition that such claimant must be available for enough weekly hours, or amount, of such work to be able to earn remuneration equivalent to his weekly benefit amount." (N.J.S.A. 43:21-20.1)
The "base year" referred to in subsection 20.1 above is established by the filing of a claim for unemployment benefits, and is defined in N.J.S.A. 43:21-19(c)(2) to mean 52 calendar weeks ending with the second week immediately preceding an individual's benefit year. A "benefit year" begins with the day on or as of which an initial valid claim is filed. N.J.S.A. 43:21-19(d).
The continued use of the same language by the Legislature in section 4 (c), coupled with the 1952 amendment recited above, is evidence that the "available for work" requirement of the statute was intended to mean availability for full-time work except when the specified qualifications applied. Cf. Egan v. Erie R. Co., 29 N.J. 243, 250 (1959).
*134 It is thus apparent that under the original statutory provision referable to part-time workers the claimant here would not have qualified, since the description of the part-time worker therein contained is obviously inapplicable to work of the character in which the claimant had been engaged prior to his separation. It is equally clear that he does not qualify under the 1952 amendment as it now stands, since it does not appear that during his "base year" he was performing less than full-time work. Even if during his base year he were performing less than full-time work, he would still have to show that in his benefit year there was good cause for limitation of his availability to less than full-time work. See Walton v. Wilhelm, 120 Ind. App. 218, 91 N.E.2d 373 (App. Ct. 1950); Clark v. Board of Review of Emp. Sec., 187 Kan. 695, 359 P.2d 856 (Sup. Ct. 1961); Keen v. Texas Unemployment Compensation Commission, 148 S.W.2d 211 (Tex. Ct. Civ. App. 1941); Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E.2d 524, 25 A.L.R.2d 1071 (Sup. Ct. App. 1951), citing Valenti v. Board of Review of U.C.C. of N.J., supra; Ellis v. Employment Security Agency, 358 P.2d 396 (Sup. Ct. Idaho 1961); and Chaharyn v. Department of Employment Security, 85 R.I. 75, 125 A.2d 241 (Sup. Ct. 1956).
We conclude, therefore, that by restricting his availability for employment to part-time employment, whereas he had previously been employed full-time, the claimant was not available for work within the meaning of the statute and was thus ineligible for unemployment benefits for the period claimed.
Affirmed.