**TEXAS EMPLOYMENT COMMISSION et al., Appellants,**

v.

**Anton F. HOLBERG & W. D. Smith, Appellees.**

**No. 7000.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 17, 1968.

Rehearings Denied Nov. 13, 1968.

Sam Lane, Austin, for appellants.

Sam Houston Clinton, Jr., Austin, for appellees.

STEPHENSON, Justice.

This is an action to recover under the Unemployment Compensation Act. Trial was before the court and judgment was rendered that the decisions of the Commission denying compensation were not supported by substantial evidence, and allowing both plaintiffs to recover. Neither findings of fact nor conclusions of law were requested or made. The parties will be referred to here as they were in the trial court.

It is agreed that the substantial evidence rule applies to our consideration of the action taken by the Commission. A clear restatement of this rule was made in Rock Island Independent School District No. 907 v. County Board of School Trustees of Colorado County, Texas, Tex.Civ.App., 423 S.W.2d 665, as follows:

> In a trial under the substantial evidence rule, on appeal to the district court from an order of an administrative agency, the proceeding is not a trial de novo. The plaintiff has the burden of proving the absence of substantial evidence, that is, the burden of proving that the action of the county board was illegal, arbitrary, capricious, unreasonable or discriminatory. It is the evidence adduced in the trial court, not in the hearing, if any, conducted by the administrative agency, which is determinative of the issue of substantial evidence. The issue of substantial evidence is one of law to be answered by the court—not a question of fact to be answered by the jury. Under the substantial evidence rule, the administrative order in question will be upheld if, considering the entire record in the trial court, that order finds reasonable support in the evidence. Board of Fireman's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Neill v. Cook, supra, (365 S.W.2d 824).

The primary question in this case is whether plaintiffs are eligible for benefits under the Unemployment Compensation Act by "being available for work" during the period for which they seek benefits. The latest expression by the Supreme Court of Texas on this point is stated in Texas Employment Commission v. Hays (1962) 360 S.W.2d 525, as follows:

> We conclude that any claimant, student or non-student, and irrespective of whether qualifying wage credits have been earned in full-time or part-time employment, who, for personal reasons, lays such time or hour restrictions on his availability for work as effectively to detach himself from the labor market in his community, is not available for work within the meaning of Article 5221b—2. * * * Under the test of availability here announced it will be the duty of the Commission to adjudicate each claim separately, weighing the time and hour restrictions imposed by the claimant against the demand for workers of the claimant's general type.

We now proceed to consider the evidence produced in the trial court as to each plaintiff separately. Plaintiff Holberg testified as follows:

He had worked as a machinist since being an apprentice in 1916. He worked

for American Bridge Division of the United States Steel Corporation from 1950 until he retired in November, 1965. He was 69 years of age at the time of such retirement. He filed his initial claim for unemployment compensation in November, 1965. He was ready, willing and able to accept employment at such time. He was a member of the machinist union and put his name on its "out of work list." He also signed up at the millwright union hall for work as a machinist. He contacted various shops in the locality for machinist work. A hearing was held by the Commission on his claim at which he testified he was not made to retire, and it was to his best interest to accept retirement under the company retirement system. He applied for social security after about six months had passed and it was paid retroactive to the date of his retirement. When he made his application for unemployment benefits, he restricted himself to machinist work at the prevailing wage. He began to work for the County on a temporary basis the early part of 1967 at $13.00 per day. He had not made more than $125.00 per month so it had not cut down on his social security benefits. If he had gotten a job in the latter part of 1965 and the early part of 1966 which didn't pay more than enough to interfere with drawing social security, he would have taken it. He was never offered any work by the Texas Employment Commission. John F. Foster, Business Representative for the machinist testified his union had a contract with American Bridge Division, and the machinists are not forced to retire at age sixty-five.

Applying the substantial evidence rule to the finding of the Commission that plaintiff Holberg was not eligible, in accordance with the principles of law set forth in the Texas Employment Commission v. Hays case, supra, we find the order of the Commission does not have reasonable support in the evidence. The only conditions which plaintiff Holberg placed upon his application for employment were that he be employed as a machinist at the prevailing wage. These conditions did not detach him from the labor market in his community. The fact that plaintiff Holberg voluntarily retired from American Bridge Division in order to obtain a pension which he had earned through years of service, did not in itself, as a matter of law, make him ineligible for unemployment compensation. This point of error is overruled.

Plaintiff Smith testified as follows: He was 69 years of age at the time he retired from American Bridge and filed an application for unemployment benefits. He had been following his trade as a machinist for forty or fifty years, working for American Bridge the last 15 or 16 years. At the time he retired on October 29, 1965, his physical condition was good and he was able to perform his work. He was ready, willing and able to perform machinist work. He registered with the machinist local as being able for work and tried to get work at Levingston Shipbuilding Company, McFarland's Machine Shop and Smith's Machine Shop all in the City of Orange. Several months after retiring, he drew social security benefits back to the time he left American Bridge. He limited the employment he would accept to machinist work not more than five miles from his home, and he would not take shift work. He had not accepted employment since his retirement. He had not refused any employment and had not been offered any by the Commission.

We have concluded that the order of the Commission denying compensation to plaintiff Smith does have reasonable support in the evidence. The conditions which plaintiff Smith placed upon his employment, that he would not travel more than five miles, and would not take shift work did effectively detach him from the labor market in his community. As said by the Supreme Court in the Marks case, supra, plaintiff Smith had the burden of proving the absence of substantial evidence, that is, the burden of proving the action of the Commission was illegal, arbitrary, capricious, unreasonable or discriminatory. This he

failed to do. This point of error is sustained.

■ Defendant has a third point of error involving the order of the Commission holding plaintiff Holberg was disqualified for a period of six weeks for leaving his employment with American Bridge voluntarily and without good cause, under Section 5(a) of the Texas Unemployment Compensation Act, Article 522lb—3(a), Vernon's Ann. Civ.St. The trial court held this decision was not supported by substantial evidence.

In addition to the testimony given by plaintiff Holberg as set forth under the first point of error, there was also the following:

In early November, 1965, his foreman, Bob Burch, told him Mr. Valentine, one of the assistant superintendents wanted to talk to him. Mr. Valentine asked him if he had talked to Mr. Craft, personnel supervisor, about retirement. He told Mr. Valentine that he had not. Mr. Burch asked him two more times if he had talked to Mr. Craft, and the last time told him to take his car and go up there. He went to see Mr. Craft who told him he didn't know why he was there but to go see Mr. Gonzales. Before seeing Mr. Gonzales, who was head of the time or payroll department, he had heard of four men retiring and that two of the four were being retired by the company. He saw Mr. Gonzales who explained the company retirement system to him. He went back to see Mr. Gonzales and signed some papers. Plaintiff also testified that at the hearing before a representative of the Texas Employment Commission on his claim, he had given testimony to the effect that he had heard that several men had been asked by the company to retire and assumed the same rule applied to him and also that he considered it to his best interest to accept the retirement offer and that the company did not make him retire and no official of the company told him he had to retire.

Apparently this is a question of first impression in the State of Texas, as we have been cited no cases involving a claimant who retired voluntarily and made a claim for unemployment compensation. Under a different factual situation, the Supreme Court of Texas in Texas Employment Commission v. Huey, 161 Tex. 500, 342 S.W.2d 544, wrote the following:

> As stated, in some states the disqualification is simply that the employee has left his work "voluntarily." In the original Texas Act, the disqualification was that he left his work "voluntarily without good cause." The Texas disqualification was amended in 1943 to add that the person should have left his employment "voluntarily without good cause connected with his employment." It is therefore apparent that the Legislature has provided that for a person to be disqualified, he must not only have left his employment voluntarily, he must have left without good cause connected with his work.

If the section of the Act under consideration merely used the word "voluntarily" there would be no problem, as the evidence would support a finding by the Commission that plaintiff Holberg left his employment "voluntarily." However, the Supreme Court in the Huey case, supra in its discussion mentions the fact that it is important in this consideration to determine whether the claimant being off from work is of benefit to his employer. The record in this case shows the plaintiff's foreman initiated this move for retirement by mentioning to plaintiff on three occasions that the assistant superintendent wanted plaintiff to talk with the personnel supervisor about retirement. We think the clear inference from this record is that it was to the interest of the employer that this 69 year old employee seek retirement. We have concluded that this retirement for the benefit of both employer and employee under this section of the Act would not be voluntary without good cause connected with plaintiff's employment. The point is overruled.

The judgment of the trial court is reversed and rendered in part that plaintiff Smith take nothing, and affirmed as to plaintiff Holberg.