**TEXAS EMPLOYMENT COMMISSION,**
Petitioner,

v.

**Anton F. HOLBERG et al., Respondents.**

No. B–1256.

Supreme Court of Texas.

April 23, 1969.

Rehearing Denied May 21, 1969.

Crawford Martin, Atty. Gen., Sam Lane, Asst. Atty. Gen., Austin, for petitioner.

Sam Houston Clinton, Jr., Austin, for respondents.

GREENHILL, Justice.

This is an action for benefits under the Unemployment Compensation Act, Article 5221b–1 and articles which follow[1] instituted by Anton F. Holberg and W. D. Smith. Both claimants retired as machinists from the American Bridge Company at age 69. A few days after retirement, each man filed a claim for unemployment benefits. Both were ruled to be ineligible to receive benefits because they were not "available for work" as required by Article 5221b–2 (d). The Commission's decision was set aside by the district court on the grounds that it was not supported by substantial evidence. The Court of Civil Appeals affirmed the district court's judgment awarding benefits to Holberg, but it reversed the judgment insofar as it awarded benefits to Smith. 434 S.W.2d 733. The Texas Employment Commission and Smith are petitioners here.

The controversy centers upon the Employment Commission's refusal to find that the claimants have met one of the eligibility

1. Article references are to Vernon's Ann.Revised Civil Statutes (1962).

conditions enumerated in Article 5221b–2, which reads in part:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

"(a) He has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulations as the Commission may prescribe;

"(b) He has made a claim for benefits in accordance with the provisions of * * * [Article 5221b–3];

"(c) He is able to work;

"(d) *He is available for work;*

"(e) * * *

"(f) * * *" [Emphasis added.]

Shortly after each claimant retired, he registered for work at an employment office and reported to that office each week during the period for which benefits are claimed. Having done so, it is the position of the claimants that they have complied with the statutory requirement that they be "available for work," and that the Commission misconstrued the statute in concluding otherwise. The Commission's position is that to establish their availability for work and their attachment to the labor market, the claimants must do more than merely register and report at an employment office; that they must also make an independent, diligent search for work in their locality. We agree with the Commission.

■ Every state's Unemployment Compensation Act requires, in one form or another, that to be eligible for benefits an applicant must be "available for work." Texas Employment Commission v. Hays, 360 S.W.2d 525 (Tex.Sup.1962); 28 Minn.Law Review 387, 390. We noted in *Hays* that the phrase is usually said to mean " 'willing, able, and ready to accept suitable work' "; and that it is generally recognized that to be available for work an applicant " 'must be genuinely attached to the labor market.' " Our concern in the *Hays* case was with the meaning of the phrase as related to an applicant who attached restrictions on the hours at, and during which, he was willing and ready to work. We concluded that any claimant who, for personal reasons, lays such time or hour restrictions on his availability for work as effectively to detach himself from the labor market in his community, is not "available for work" within the meaning of Article 5221b–2.

Our concern in the present case is whether a claimant, to be "available for work," must seek work on his own in addition to registering and reporting for work at the Employment Commission. Stated differently, the question is whether a claimant who merely registers and reports for work at an employment office is genuinely attached to the labor market.

■ The meaning and purpose of the requirement that a claimant be available for work are stated in a leading case by the Supreme Court of Michigan, Dwyer v. Appeal Board, 321 Mich. 178, 32 N.W.2d 434, 438 (1948):

"The basic purpose of the requirement that a claimant must be available for work to be eligible for benefits is to provide a test by which it can be determined whether or not the claimant is actually and currently attached to the labor market. To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, i. e., he must be desirous to obtain employment, and must be willing and ready to work. * * *

"The test suggested is subjective in nature. Whether or not a claimant is in fact available for work depends to a great extent upon his mental attitude, i. e., whether he wants to go to work or is content to remain idle. Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is

genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out. * * *"

The question presently before us has arisen frequently in other jurisdictions whose statutes are similar to ours; and the weight of authority is in accord with the *Dwyer* decision, to the effect that to be "available for work," the claimant must personally make a reasonably diligent search for work. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948); Mohler v. Department of Labor, 409 Ill. 79, 97 N.E.2d 762, 24 A.L.R.2d 1393 (1941); Breskin v. Board of Review, 46 N.J.Super. 338, 134 A.2d 730 (Super.Ct.1957); Teague v. Florida Industrial Commission, 104 So.2d 612 (Fla.Ct.App.1958); Shannon v. Bureau of Unemployment Compensation, 155 Ohio St. 53, 97 N.E.2d 425 (Ohio Ct.App.1951); Hyman v. South Carolina Employment Security Commission, 234 S.C. 369, 108 N.E. 2d 554 (1959); Gocke v. Wiesley, 18 Utah 2d 245, 420 P.2d 44 (1966).

█ Moreover, several courts have emphasized, in support of their decision, that registration and reporting for work are but *one* of the eligibility conditions which must be met under Unemployment Compensation Acts before a claimant can be found eligible. "Availability" is generally a distinct requirement for eligibility. Dwyer v. Appeal Board, supra; Shannon v. Bureau of Unemployment Compensation, supra; Mohler v. Department of Labor, supra; Hunter v. Miller, 148 Neb. 402, 27 N.W.2d 638 (1947). The Texas Unemployment Compensation Act also makes the "availability" requirement distinct from the requirement that the claimant register and report. See Article 5221b–2, subsections (a) and (d) set out above.

The claimants in the instant case cite no authority in support of their position, but rely instead upon the Employment Commission's unsuccessful attempts before the Legislature in recent years to have the statutory requirement "available for work" enlarged to read "available for work and actively seeking work." For instance, in 1962 a Texas Employment Commission study committee proposed such an amendment with the explanation that "Presently, our law only provides that a claimant shall be able to work and available for work. It does not provide that an individual must be 'actively seeking work.' The proposal is to add this requirement." The proposal was considered by the Legislature and eventually approved in its final form as follows: "(d) He is available for work and actively seeking suitable work." The phrase, "actively seeking suitable work," was also defined in the bill sent to Governor Connally for his signature, and the definition contained a provision that "applicant's oral assertion or statement shall be proof of such active seeking of employment as set out above. Applicant at the time of each registration shall sign such forms as may be required by the rules and regulations of the Texas Employment Commission." However, in May of 1963 the Governor vetoed the proposed amendment because it did not provide for a penalty or disqualification in the event a claimant's oral assertion that he had been actively seeking work was untrue; and because the authority granted to the Commission in the definition to require that a claimant sign "such forms as may be required" might be construed as delegating to the Commission the legislative power to impose requirements for attaining compensation in addition to those already provided by statute.

█ The contention of the claimants is that the Legislature's action on the 1962 proposed amendment, and its failure to enact a similar proposal in 1966, are indications that the Legislature does not view the statute in its present form as embodying the requirement that a claimant actively seek work before he may be found eligible for benefits. It is our opinion, however, that the 1962 proposed amendment is equally capable of being regarded as an action to clarify existing legislative intent, and was

not intended to change the meaning of the phrase "available for work" as it appeared in the statute previous to the proposed amendment. Similarly, we attach no controlling significance to the Legislature's failure to enact the proposed amendment of 1966. Bills introduced in the Legislature to amend statutes often fail to become enacted for reasons wholly unrelated to the Legislature's view of what the original statute does or does not mean. We are convinced that the Legislature's inaction in this instance would afford a dubious foundation for drawing an inference of Legislative intent one way or the other. We hold that to be considered "available for work" within the meaning of Article 5221b–2, a claimant must make a reasonably diligent search for work in his locality.

Whether the claimants made a reasonably diligent search for work is a matter to be determined by the administrative agency, the Employment Commission; and the validity of its determination is to be tested in the courts under the substantial evidence rule. The court may not substitute its judgment for that of the Commission; but on the other hand, the administrative agency's findings must be reasonably supported by substantial evidence, i. e., they may not be arbitrary, capricious, and made without regard to the facts. Gerst v. Guardian Savings & Loan Association, 434 S.W. 2d 113 (Tex.Sup.1968); Nelson v. Texas Employment Commission, 290 S.W.2d 708 (Tex.Civ.App.1956, writ refused). We turn, therefore, to an examination of the facts to ascertain whether the Commission's finding that the claimants did not make an adequate search for work is reasonably supported by substantial evidence.

As stated, both men were machinists. Each left his employment upon retirement and became entitled to receive whatever

benefits were provided. Holberg claims unemployment benefits for approximately four months and Smith for five months. Holberg registered for work in his locality at two local union halls. Smith registered at only one. Each testified that he also sought employment on his own initiative. However, during the four or five-month period, the only individual effort of either man to obtain employment was to apply for work at three or four machine shops. When asked to enumerate the shops he had visited, Holberg named four for the four-month period. The record does not reflect when he made the applications, i. e., whether he made all four applications on the first day and did nothing for the rest of the four months, or whether he went out once a month and made one application for work.

Smith made three job applications over a five-month period. As was the case with Holberg, it is not shown when the three applications were made: whether all on the same day, with no activity in the rest of the five-month period or whether they were made a month or more apart.[2]

It is apparent that there were several machine shops in the area; but from a list of the shops contacted by Smith and Holberg, it appears that neither made application at all of the shops. While both lived in the same general area (Bridge City and Orange), neither applied for work at any of the shops which the other had contacted.

This Court had before it recently the case of Redd v. Texas Employment Commission, 431 S.W.2d 16 (Tex.Civ.App.1968, writ ref'd n. r. e.). The claimant there sought unemployment benefits but had made only four job applications over a 40-day period. The claimant testified that she filed her application with the Texas Employment Commission and that she "thought that * * * it would be their responsibility to get me a

2. Smith informed the Commission that he would not accept employment which required him to travel more than five miles from home and that he would not accept "shift work."

job." Many of the cases and arguments now before the court (including the problem of statutory construction in view of the attempted amendment of the statute) were before the Court in *Redd*. The holding was that where the claimant simply filed with the Commission and made only four job applications in 40 days, there was substantial evidence to support the determination of the Commission that the claimant was not making a reasonable attempt to find work.

■ While registration for work at the Employment Commission, registration at one or two union halls, and the making of three or four applications for work at a particular trade over a four or five-month period are some evidence of an attempt to find and procure employment, it is our view, particularly in the light of the *Redd* decision, that we cannot say that the claimants' search for work was so diligent as to justify this Court's disturbing the Commission's findings. Stated differently, the action of the Commission is reasonably supported by substantial evidence.

In *Redd,* the claimant was forced to retire under a fixed policy plan, and the holding was that she did not *voluntarily* leave her work. The Commission's position here is that Smith and Holberg retired voluntarily and hence left their work without good cause and are therefore disqualified. Smith and Holberg contend that there was pressure put on them to retire and that their retirement was also for the good of their employers. In view of our holding above, it is unnecessary for us to determine whether Smith and Holberg were properly denied unemployment benefits for the additional reason of "leaving his [their] last work without good cause connected with his [their] work."

The judgments of the courts below awarding benefits to Holberg are reversed, and judgment is here rendered that Holberg take nothing. The judgment of the Court of Civil Appeals denying benefits to Smith is affirmed.