**TEXAS EMPLOYMENT COMMISSION,**
Appellant,

v.

**James R. KIRKLAND, Jr., Appellee.**

No. 6038.

Court of Civil Appeals of Texas.

El Paso.

Sept. 17, 1969.

Crawford C. Martin, Atty. Gen., Sam Lane, Nola White, Hawthorne Phillips, John R. Grace, Asst. Attys. Gen., and W. V. Geppert, Staff Legal Asst. Atty. Gen., Austin, for appellant.

Jack N. Ferguson, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellee, James R. Kirkland, Jr., instituted this action as a "Claimant" seeking benefits under the Unemployment Compensation Act, Article 5221b-1, Vernon's Civil Statutes, and articles which follow. The Texas Employment Commission ruled that he was ineligible to receive benefits because he was not considered available for work within the meaning of the Act. The Commission's decision was set aside by the County Court at Law No. One of El Paso County on the grounds that it was not reasonably supported by substantial evidence. The Commission, as appellant, seeks reversal on the grounds that there was substantial evidence to support its determination that the claimant was ineligible for benefits because he was not available for work, since he had limited his offer to work to one week and he had shown no work contacts seeking employment. We are of the opinion that the applicable statutes and their construction by the courts require that the position of the Commission be sustained.

Eligibility for unemployment benefits is prescribed by Article 5221b-2, which reads in part:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

"(a) He has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulations as the Commission may prescribe;

"(b) He has made a claim for benefits in accordance with the provisions of * * * [Art. 5221b-3]

"(c) He is able to work;

"(d) He is available for work."

Claimant, Kirkland, retired from the Army and, at the end of a period of accumulated leave, he registered for work at an employment office and reported to that office each week during the period (14 weeks) for which benefits are claimed. At that time he was seeking on-the-job train-

ing as a dental technician through a program of the Veterans Administration for disabled veterans. He thought that his eligibility for that program would be established quickly, possibly within two weeks, but it took 14 weeks before he qualified and gained employment under the VA program. A fair construction of the evidence available at the time the Commission ruled is that the claimant had limited his offer to work to one week, upon the assumption that he would receive early approval of his VA application. He testified that he was available for work at all times, but that it would have been unfair to prospective employers for him to not limit his availability, since he was waiting for the VA job training. This fairness on the claimant's part is laudable, but such limitation on the employment which he would accept made him ineligible for unemployment benefits. In the case of Texas Employment Commission v. Holberg, 440 S.W.2d 38 (1969), the Supreme Court said:

"Every state's Unemployment Compensation Act requires, in one form or another, that to be eligible for benefits an applicant must be 'available for work.' Texas Employment Commission v. Hays, 360 S.W.2d 525 (Tex.Sup.1962); 28 Minn.Law Review 387, 390. We noted in *Hays* that the phrase is usually said to mean ' "willing, able, and ready to accept suitable work" '; and that it is generally recognized that to be available for work an applicant ' "must be genuinely attached to the labor market." ' Our concern in the *Hays* case was with the meaning of the phrase as related to an applicant who attached restrictions on the hours at, and during which, he was willing and ready to work. We concluded that any claimant who, for personal reasons, lays such time or hour restrictions on his availability for work as effective-

ly to detach himself from the labor market in his community, is not 'available for work' within the meaning of Article 5221b–2."

To our minds, the limitation that he was available for work for only one week had the effect of detaching the claimant from the labor market so that he was not "available for work".

The action of the Commission in the instant case is also supported by the evidence that the claimant did not make contacts for employment, other than the VA application. In the above cited Holberg case, the holding was that to be considered "available for work" within the meaning of Article 5221b–2, a claimant must make a reasonable, diligent search for work in his locality. The facts of that case were that the claimants, two retired machinists, had registered in one or two Union halls and had made three or four applications for work as machinists over a four or five-month period. The court cited a 1968 case, Redd v. Texas Employment Commission, 431 S.W.2d 16 (Tex.Civ.App. n. r. e.), in which the holding was that where the claimant simply filed with the Commission and made only four job applications in 40 days, there was substantial evidence to support the determination of the Commission that the claimant was not making a reasonable attempt to find work. Under this state of the law, the claimant in the case before us cannot be found qualified for unemployment benefits since he made no search for work. The action of the Commission in so holding is reasonably supported by substantial evidence, and the trial court erred in holding otherwise.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.