**TEXACO INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION et al., Appellees.**

**No. 16301.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 28, 1974.

Rehearing Denied April 25, 1974.

Oliver J. Butler, Jr., Houston, for appellant.

John L. Hill, Atty. Gen., Larry F. York, First Asst. Atty. Gen., James H. Broadhurst, Wardlow Lane, Asst. Attys. Gen., Austin, for appellee.

EVANS, Justice.

Appellant, Texaco, Inc., seeks judicial review of a decision of the Texas Employment Commission allowing a claim for unemployment benefits filed by appellee Richard Andrus, a retired employee of Texaco. In trial to the court without a jury, upon stipulated facts, the Commission's decision was affirmed. We affirm the judgment of the trial court.

The record shows that claimant was employed by Texaco from 1933 until his retirement in 1968. In 1937 Texaco adopted an optional "Group Life Insurance and Pension Plan" which provided for automatic retirement of all participating employees with lifetime pension paid for by the combined contributions of Texaco and the participating employees. When this plan was initiated the claimant signed a card signifying his desire to participate and designated his father as beneficiary of the death benefits. Subsequently in 1957 he changed the beneficiary and directed that such benefits be paid to his mother. He contributed to the plan's fund during his employment and was aware of provision in the plan for compulsory retirement at the age of 65. The labor organization which represented claimant for collective bargaining purposes likewise agreed to the terms of the plan.

It was Texaco's policy to require retirement of all employees when they reached the age of 65 regardless of whether or not they participated in the pension plan.

The claimant was retired from Texaco's employment effective October 1, 1968, the first day of the month following his sixty-fifth birthday. Even if the claimant had expressed a desire to continue working for Texaco he could not have done so after reaching the retirement age without specific approval of Texaco.

On January 5, 1969 claimant registered for work and filed claim in Louisiana for unemployment compensation which was referred to the Texas Employment Commission. A protest was filed by Texaco but the Commission's representative determined that claimant had been "laid off" because he had "reached retirement age" and that claimant was not disqualified for benefits under Article 5221b–3(a) or (b), Vernon's Ann.Tex.Civ.St. The Commission's appeal tribunal found that claimant had not voluntarily left appellant's employ but had been discharged because he had reached retirement age and the Commission upon appeal upheld this finding.

It was further stipulated that claimant met all the requirements of eligibility for benefits under Article 5221b–2, V.A.T.S. Thus, the issue presented to the trial court was whether the claimant, although eligible for compensation payments, should suffer some period of disqualification under Art. 5221b–3 for voluntarily terminating his employment without good cause connected with his work.

In its first two points of error Texaco asserts the trial court erred in failing to find that claimant had voluntarily agreed to retire pursuant to the provisions of the pension plan and in failing to find that his retirement constituted a voluntary leaving of his work.

Article 5221b–3, V.A.T.S., insofar as pertinent here, provides:

"An individual shall be disqualified for benefits:

"(a) If the Commission finds that he has left his last work voluntarily without good cause connected with his work.

Such disqualification shall be for not less than one (1) nor more than twenty-six (26) benefit periods following the filing of a valid claim, as determined by the Commission according to the circumstances in each case."

In Redd v. Texas Employment Commission, 431 S.W.2d 16 (Tex.Civ.App.—Corpus Christi 1968, writ ref. n. r. e.), a very similar fact situation was before the court. In Redd, a telephone company employee was retired under the company's pension plan when she reached the compulsory retirement age of 65 years. The Commission's representative found she was disqualified for benefits because her separation was considered a voluntary resignation without good cause connected with the work. The appeal tribunal of the Commission affirmed the Commission's initial determination, adding its conclusion that the employee was ineligible to receive benefits because she had failed to make active search for work. After further hearing the Commission's decision was reaffirmed and on appeal the trial court found the Commission's decision was supported by substantial evidence. The Court of Civil Appeals affirmed the Commission's decision on the basis that the employee was ineligible for benefits because she had not established she was available for work so as to be entitled to such benefits; however, it further held that under the undisputed evidence the Commission was in error in holding that the employee had left her work voluntarily without good cause and was therefore disqualified to receive benefits.

In a case decided subsequent to the Redd case, Texas Employment Commission v. Holberg, 434 S.W.2d 733 (Tex.Civ.App.—Beaumont 1968), a fixed pension plan was not involved, but the two claimants contended that pressure had been put upon them to retire and also that their retirement was for the good of their employers. The Court of Civil Appeals held that where the retirement was for the benefit of both the employer and the employee it

would not be considered voluntary under the provisions of the statutes. A writ of error was granted to the Texas Supreme Court which held in 440 S.W. 2d 38, 43, that it was unnecessary to determine whether the claimants had properly been denied unemployment benefits on the ground that they had left their work without good cause, and it upheld the Commission's decision on the basis of findings that the claimants had not made reasonably diligent search for work. The Texas Supreme Court commented upon the decision in Redd as follows:

"In Redd, the claimant was forced to retire under a fixed policy plan, and the holding was that she did not voluntarily leave her work. The Commission's position here is that Smith and Holberg retired voluntarily and hence left their work without good cause and are therefore disqualified. Smith and Holberg contend that there was pressure put on them to retire and that their retirement was also for the good of their employers. In view of our holding above, it is unnecessary for us to determine whether (the claimants) were properly denied unemployment benefits for the additional reason of 'leaving his (their) last work without good cause connected with his (their) work.' "

The Court of Civil Appeals in Redd reviewed in some detail the divergent lines of authority in other jurisdictions on the question before us. Among those discussed were Bergseth v. Zinsmaster Baking Company, 1958, 252 Minn. 63, 89 N.W.2d 172; and Stream v. Continental Machines, Inc., 1961, 261 Minn. 289, 111 N.W.2d 785, holding such termination to be voluntarily effected and without good cause; it also considered the cases holding to the contrary such as Campbell Soup Co. v. Board of Review, etc., 1953, 13 N.J. 431, 100 A.2d 287, and similar cases from Pennsylvania, Alabama, Arizona, Florida and Indiana. We believe that it will serve no worthwhile function to repeat the clear analysis of those cases as set forth in Redd. Suffice it to say that we agree with the court in Redd that the better view and one more in line with the rationale of our Texas Supreme Court decisions in this field is that such termination as here present should not be considered as a voluntary resignation without good cause connected with the work. See Commission v. Huey, 161 Tex. 500, 342 S.W.2d 544 (Tex.Sup.1961); Texas Employment Commission v. Gulf States Utilities Co., 410 S.W.2d 322 (Tex.Civ. App.—Eastland 1966, writ ref., n. r. e.).

Appellant's first two points of error are overruled.

Appellant's third point of error is that the trial court erred in refusing to find that the claimant's voluntary agreement to retire on a pension pursuant to the plan did not constitute a "waiver of rights" prohibited under the Texas Unemployment Compensation Act. In view of our holding that the Commission's decision should be affirmed that the claimant did not voluntarily leave his work and therefore was not disqualified to receive unemployment benefits under the Act, we find it unnecessary, as did the court in Redd, to consider this point of error.

The judgment of the trial court is affirmed.