**AMERICAN PETROFINA COMPANY OF TEXAS, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION, Paul W. Duhon and Gene A. Phillips, Appellees.**

**No. 09–89–196 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

Durwood D. Crawford, Goins, Underkofler, Crawford & Langdon, Dallas, for appellant.

Susan Eley, Asst. Atty. Gen., Austin, Diane Dwight, Umphrey, Eddins & Carver, Beaumont, for appellees.

## OPINION

BURGESS, Justice.

American Petrofina Company of Texas ("Fina") filed suit to set aside a decision of the Texas Employment Commission ("TEC") granting Paul W. Duhon ("Duhon") and Gene A. Phillips ("Phillips") un-

employment compensation. The trial court affirmed the TEC award. Fina raises five points of error.

Duhon and Phillips were members of a union and worked for Fina under a collective bargaining agreement between the union and Fina. Each worker had been employed by Fina since the late 1940's and had been participants in a non-contributory defined benefit retirement plan. The union went on strike in January 1982. Fina notified the union on January 15, 1982, and notified all of its employees on January 23, 1982, that it would change the method of calculating the lump-sum retirement benefit for all employees retiring after April 1, 1982. After that date, Fina would calculate the discount for lump-sum payment using an 11% interest rate instead of the 7% rate utilized since the inception of lump-sum payments in 1977. Duhon's benefit would be reduced by $20,900, or 24%, and Phillips' by $15,255.53, or 23%. Both men elected to take early retirement effective March 1, 1982, then filed for unemployment compensation, claiming they were forced to retire. Duhon received $3,822 in unemployment benefits. Phillips received $4,998 in unemployment benefits.

The union filed unfair labor practice charges against Fina with the National Labor Relations Board ("NLRB"), contending the change in calculating benefits was a unilateral act constituting an unfair labor practice. The NLRB ruled Fina's agreement with the union allowed it to make the change.

█ Point of error one contends the TEC's ruling, as affirmed by the trial court, Fina made a unilateral change in benefits without the consent of Duhon and Phillips, is preempted by federal law and is erroneous as a matter of law. Fina argues its action in changing the formula is not unilateral because it reached an agreement with Duhon's and Phillips' union, and the right to change the interest rate is contained in the collective bargaining agreement with the union. Thus, it contends, the matter is governed by the National

Labor Relations Act, 29 U.S.C.A. 151 et seq. ("NLRA").

The NLRA preempts state regulation of activity protected by section 7 or prohibited by section 8 of the act. *New York Tel. Co. v. New York Labor State Dept. of Labor*, 440 U.S. 519, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979). In *New York Tel. Co.* the employer contended that federal law prohibited the state from giving unemployment compensation to the company's striking employees. The United States Supreme Court held that since Congress omitted any direction in the NLRA regarding payments to strikers and since Congress was undeniably aware of the possible impact of unemployment compensation on the bargaining process, Congress did not intend to preempt the states' power to make the policy choice between paying or refusing to pay unemployment compensation to striking workers. In *Baker v. General Motors Corp.*, 478 U.S. 621, 106 S.Ct. 3129, 92 L.Ed.2d 504 (1986), the Supreme Court upheld the Michigan Court's denial of unemployment compensation benefits to striking workers based on a Michigan statute disqualifying workers who "financed" the strike leading to their unemployment. If the states are free to regulate the granting or denial of unemployment compensation benefits where the workers are engaging in the activities expressly protected by section 7 of the NLRA, then there must be no federal preemption where the connection to collective bargaining is tangential.

Fina argues the TEC failed to recognize the procedure used by Fina and the union to negotiate the lump sum option and the fact that an agreement so reached is binding under federal labor law.

There are two separate disputes involved: (1) Fina's authority to change the discount factor in lump-sum retirement distributions and (2) the effect of the change on the eligibility of persons who retire to avoid the financial penalty resulting from the change for unemployment compensation benefits. The former concerns the labor-management relationship and involves federal labor law issues and federal preemption of state regulatory power. The latter concerns the state unemployment compensation scheme governed by TEX. REV.CIV.STAT.ANN. art 5221b–1 to 24 (Vernon 1987 and Supp.1990) not preempted by federal labor law.

Fina stresses the reference in the TEC's opinions to "unilateral" actions by the employer, contending that the TEC ruled Fina's actions were "unilateral" when in fact they were authorized by the collective bargaining agreement and that the TEC was without authority to make a ruling on the enforceability of the collective bargaining agreement. This mischaracterizes the TEC's rulings. The TEC opinions contain findings of fact that the claimants worked under a collective bargaining agreement, that the agreement contained a retirement benefit plan with a lump sum option first negotiated in 1977 and allowed the company to make adjustments in the lump sum calculation providing that notice was given to the union, the company changed the factors used to determine the lump sum amount of a given worker's retirement, gave notice to the union with a delay in implementation which allowed employees to retire before that date to protect his benefits, which the claimants did. The TEC found as a matter of policy that the claimants had good cause connected with work for their resignations and stated in its conclusions that TEC precedents establish that workers who have accrued benefits reduced without their consent, or who have the terms of their employment changed unilaterally by the employer, have good cause connected with the work for resigning. The TEC did not make a factual finding that Fina unilaterally changed the employment contract. Rather, it utilized the stated precedents as its rationale for its ruling as a matter of policy. The TEC did not construe the intent or enforceability of the contract, and did not decide whether Fina's conduct was lawful. The issue before the TEC and this court is the effect of a substantial change in the calculation of benefits, that results in a substantial reduction of real dollars receivable in lump sum on retirement, on the unemployment compensation entitlement of two individuals

who retired to avoid the loss. Point of error one is overruled.

■ Point of error two avers there is a lack of substantial evidence to support the ruling of the TEC, as affirmed by the trial court, that the company made a unilateral change in benefits without the consent of Duhon and Phillips. The trial court found there was substantial evidence to support the TEC's decision. The substantial evidence test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action. *Alcoholic Beverage Comm'n v. Sierra*, 784 S.W.2d 359 (Tex.1990). As discussed under point of error one, the TEC referred to "unilateral" change in benefits "without consent" in citing to established commission precedent. Fina argues there was no change in the benefit because the parties had previously agreed Fina could adjust the formula. However, it was not the contract that was in issue but whether there was good cause connected with work for the resignations. It is undisputed that the difference between retirement on March 1, 1982 and April 1, 1982 was $20,900 for Duhon and $15,255.53 for Phillips and that was why the two men retired. Point of error two is overruled.

Point of error three avers Duhon and Phillips are disqualified from benefits as a matter of law. Point of error four contends they are not eligible for benefits because of their voluntary retirement. Point of error five claims there is no substantial evidence to support the ruling of the TEC, as affirmed by the trial court, that Phillips and Duhon are eligible for or not disqualified from the receipt of benefits.

■ A worker is disqualified for benefits if the Commission finds that he has left his last work voluntarily without good cause connected with his work. TEX.REV.CIV. STAT.ANN. art. 5221b–3 (Vernon 1987). Retirement, in and of itself, is not a disqualification. *Texaco Inc. v. Texas Employment Comm'n*, 508 S.W.2d 957 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd). In *Redd v. Texas Employment Commission*, 431 S.W.2d 16 (Tex.Civ.App.

—Corpus Christi 1968, writ ref'd n.r.e.), it was held that an employee who reached the mandatory retirement age agreed to by her union and her employer did not leave work voluntarily. In *Texas Employment Commission v. Holberg*, 434 S.W.2d 733 (Tex. Civ.App.—Beaumont 1968) this court agreed there was substantial evidence the retiring worker left work voluntarily but found that retirement taken for the benefit of both the employee and the employer would not be voluntary without good cause connected with claimant's employment. The supreme court reversed on other grounds, *Id.*, 440 S.W.2d 38 (Tex.1969), and did not reach this question.

Duhon and Phillips elected to take early retirement. Appellant contends that Duhon and Phillips voluntarily retired to take advantage of a temporary windfall and there was no change in the benefits called for by the retirement plan. This was the first alteration of the formula from the inception of the lump-sum option in 1977. The record shows Duhon and Phillips would have received a substantially lower lump-sum retirement benefit had they continued to work. Also, Fina contends that "Duhon and Phillips each had a job 'available' for them at Fina which they chose not to fill", and were therefore unavailable for work as a matter of law. Fina did not plead or raise the issue at trial that the workers were disqualified from unemployment because they had not made an independent, diligent search for work. The evidence is such that reasonable minds could have reached the conclusion reached by the commission that the workers did not leave voluntarily without good cause connected with work. Points of error three, four, and five are overruled. We find substantial evidence to support the ruling of the TEC and the trial court and affirm the judgment.

AFFIRMED.